IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH DI BENEDETTO,

    Plaintiff

vs.                      CASE NO. 04-10570-RCL

NATIONAL RAILROAD
PASSENGER CORPORATION,

    Defendant

### REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this Court's Order, Thomas J. Joyce, III, representing Plaintiff, and Paul J. Sahovey, representing the Defendant, met on May 27, 2004 pursuant to Rule 26(f) to discuss:

(1) the nature and basis of their claims and defenses;

(2) the possibility for a prompt settlement or resolution of this case;

(3) to make or arrange for the disclosures required under Rule 26(a)(1); and

(4) to develop a discovery plan.

To that end, the parties propose the following:

A. The issues in this case may be simplified by taking the following steps:

    1. The parties will exchange written Interrogatories and Request for production of Documents;

    2. Defendant will take Plaintiff's discovery deposition;

    3. Plaintiff will be made available for defense medical examination;

    4. Plaintiff will take the discovery deposition of Defendant's Safety Director, Medical Director and Ergonomist; and

    5. The parties will conduct an ergonomic site inspection.

B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

    1. None

C. Discovery will be needed on the following subjects:

    1. Plaintiff's work history;

    2. Plaintiff's medical history;

    3. Plaintiff's exposure to ergonomic risk factors for carpal tunnel syndrome;

    4. Defendant's ergonomic program to prevent occupational carpal tunnel syndrome; and

    5. Causation

D. Discovery should be conducted in phases.

E. Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge.  YES____X____

____NO

F. The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G. The parties have discussed the possibility of alternative dispute resolution and concluded:  Alternative dispute resolution is not needed in this case.

H. The parties have discussed a prompt settlement or other resolution of this matter.  The Plaintiff has made a written demand of $150,000.00, and the Defendant has offered $0.

Dated: May 27, 2004

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| *(signature)* | *(signature)* |
| Thomas J. Joyce, III, Esquire | Paul J. Sahovey, Esquire |
| HANNON & JOYCE | Massachusetts Bay Transportation Authority |
| Public Ledger Building, Suite 1000 | 10 Park Plaza |
| 150 S. Independence Mall West | Boston, MA  02116-3974 |
| Philadelphia, PA  19106 | 617-222-3189 |
| 215-446-4460 | |

Michael J. McDevitt, Esquire
Lawson & Weitzen
88 Black Falcon Aveue, Suite 345
Boston, MA  02210
617-439-4990
Local Counsel for Plaintiff