UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH J. DIBENEDETTO,<br>    Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>    Defendant. | CIVIL ACTION NO.: 04-10570-RCL |

## NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR LEAVE TO CONDUCT DISCOVERY AND TO POSTPONE THE TRIAL DATE

The defendant, National Railroad Passenger Corporation ("AMTRAK"), hereby moves this Honorable Court to allow AMTRAK to conduct limited discovery in this case and to postpone the current trial date of September 19, 2005. As grounds therefore, the defendant states as follows:

### I. FACTUAL BACKGROUND

On March 23, 2004, the plaintiff, Joseph DiBenedetto ("DiBenedetto") filed a *Complaint* against AMTRAK.[1] On April 16, 2004, Attorney Paul Sahovey, in-house counsel for the Massachusetts Bay Transportation Authority ("MBTA"), filed an answer and affirmative defenses on behalf of AMTRAK. AMTRAK has, up until recently, operated the commuter rail service in and around Boston pursuant to various agreements with the MBTA. *See* Affidavit of Rosa T. Richmond, a copy of which is attached as Exhibit "A." As such, many employees worked for both AMTRAK and the MBTA at various times. Id. The amount of service time of an injured employee determined which of the two entities would answer and defend against an

---

1 This case had previously been filed in the Philadelphia Court of Common Pleas in Pennsylvania. On October 1, 2003, this matter was dismissed from the Philadelphia Court of Common Pleas. The parties stipulated to a dismissal in light of the defendant's Motion to Dismiss for Forum Non Conveniens and agreed that the plaintiff had until March 25, 2004 to re-file his case in Massachusetts. In the Pennsylvania case, the defendant was represented by

injured employee's lawsuit. Id. The MBTA (Attorney Sahovey) appeared in this case for AMTRAK because it was originally (and erroneously) believed that the plaintiff had worked more for the MBTA than AMTRAK, thereby triggering the MBTA's obligation to defend. Id. Since answering the plaintiff's Complaint and taking over the defense of this litigation, the MBTA has conducted no discovery, except for serving written discovery. Notably, the plaintiff has not been deposed and no expert witnesses have been disclosed.

A pre-trial conference was held in this case on June 9, 2005, at which time the Court stated that no discovery will be allowed in this case and that counsel may mediate the case but there will not be a change in the trial date. Counsel for AMTRAK was substituted on June 22, 2005. AMTRAK respectfully requests that this Honorable Court allow substituted counsel the opportunity to conduct limited discovery and postpone the trial date.

## II. ARGUMENT

This Honorable Court should allow AMTRAK's *Motion For Leave To Conduct Discovery And To Postpone The Trial Date* as AMTRAK, for all intents and purposes, is a new party to this litigation. Exh. A. AMTRAK and the MBTA are separate and distinct entities with differing interests, but have had a long history of business relationships. Id. Up until very recently, AMTRAK operated the states' commuter rail service per various agreements with the MBTA. Id. As a result, employees for both AMTRAK and the MBTA performed services for both entities. Id. The amount of service an employee has performed for either entity determines which entity will appear and defend against claims and lawsuits that such injured employees file against them. Id. When the plaintiff's claim was originally filed, AMTRAK and the MBTA believed that the plaintiff was in service for the MBTA and as a result, counsel for the MBTA

appeared and defended against the plaintiff's claims. Id. The plaintiff has actually performed services for both AMTRAK and the MBTA. Id.

AMTRAK has since discovered that the plaintiff served as an AMTRAK employee for a longer period of time than he did for the MBTA and as a result, AMTRAK is now the entity defending this matter. Exh. A. As a result, counsel for AMTRAK was substituted on June 22, 2005. Although named as the original defendant, for all intents and purposes the defendant AMTRAK is a new party to this litigation and should be allowed the opportunity to conduct limited discovery.

As an entity distinctly separate from the MBTA, AMTRAK utilizes its own litigation strategy and processes for defending claims. More importantly, AMTRAK's interests are different from that of the MBTA and it should be afforded an opportunity to adequately protect these interests. In light of these circumstances, it is necessary for AMTRAK to conduct limited discovery. Specifically, AMTRAK wishes to serve interrogatories and requests for documents upon the plaintiff, depose the plaintiff and any material or expert witnesses that the plaintiff may designate and prepare its own expert disclosures. It is worthy to note that Attorney Sahovey served interrogatories and requests for production of documents upon the plaintiff on April 14, 2004 but the plaintiff has never responded. A copy of these discovery requests are attached hereto as Exhibit "B."

It is apparent from the record that very little discovery has been conducted in this matter. However, it would be unfair and unjust to subject a new party such as AMTRAK to the Court's previous pre-trial order without an adequate opportunity to prepare for trial.

### III. CONCLUSION

The defendant AMTRAK hereby moves this Honorable Court to allow it to conduct limited discovery in this matter and to postpone the trial date. AMTRAK has not been afforded the opportunity to conduct discovery in this matter and without such opportunity, AMTRAK's interests would be irreversibly prejudiced at mediation and/or trial. In the interests of justice, AMTRAK should be afforded the opportunity to conduct limited discovery in this matter in order to be able to adequately prepare for trial.

**WHEREFORE**, for all of the above-stated reasons, *National Railroad Passenger Corporation's Motion For Leave To Conduct Discovery And To Postpone The Trial Date* should be allowed.

### REQUEST FOR HEARING

In accordance with Local Rule 7.1(D), the defendant believes that oral argument, if necessary, may assist the Court and wishes to be heard and therefore requests that the Court schedule a hearing on its *Motion*.

Respectfully submitted,
National Railroad Passenger Corporation,
By its attorneys,

_____
John E. Young, BBO #654093
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500
(617) 773-5510 (facsimile)

## **CERTIFICATION**

In accordance with L. R. 7.1, I, John E. Young, Esq., certify that I have attempted, unsuccessfully, to confer with counsel for the plaintiff, Thomas Joyce, Esq., in order to resolve or narrow the issues in *National Railroad Passenger Corporation's Motion For Leave To Conduct Discovery And To Postpone The Trial Date.* See Affidavit of John E. Young, Esq., a copy of which is attached hereto as Exhibit "C."

                                                                                                                John E. Young, Esq.

Dated: July 12, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH J. DIBENEDETTO,
    Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER
CORPORATION,
    Defendants.

CIVIL ACTION NO.: 04-10570-RCL

## AFFIDAVIT OF ROSA T. RICHMOND

I, Rosa T. Richmond, do hereby swear and depose as follows:

1. I am a Senior Claims Agent employed by AMTRAK;

2. AMTRAK and the MBTA are separate and distinct entities but have a history of business relationships including AMTRAK's operation of the Commonwealth's commuter rail service;

3. The plaintiff has performed services for both AMTRAK and the MBTA;

4. The amount of service performed for either entity often determines which entity will appear and defend against the plaintiff's claims;

5. When the plaintiff's claim was filed, it was originally believed that the plaintiff was in service for the MBTA and as a result, the MBTA appeared and defended against the plaintiff's claims;

6. It has come to the attention of AMTRAK that the plaintiff served as an AMTRAK employee for a longer period of time than he did for the MBTA and as a result, AMTRAK is now the entity defending this matter.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27 DAY OF, JUNE 2005.

_____
Rosa T. Richmond

1

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10570RCL

JOSEPH J. DIBENEDETTO            *   DEFENDANT AMTRAK'S FIRST
27 Western Avenue                 *   SET OF INTERROGATORIES TO
Wakefield, MA  01880              *   PLAINTIFF, JOSEPH J. DIBENEDETTO
    Plaintiff                     *

Vs.                               *
                                  *
NATIONAL RAILROAD                 *
PASSENGER CORPORATION             *
253 Summer Street                 *
Boston, MA 02210                  *
    Defendant                     *

The Defendant, National Railroad Passenger Corporation,

d/b/a Amtrak, by its attorney, submits the following

Interrogatories to be answered under oath by Plaintiff in

accordance with Rule 33 of the Federal Rules of Civil Procedure.

1.  Please state your full name, age, home address, occupation, social security number, marital status, educational background and initial date of employment with Amtrak.

2.  Please state the exact date, time and location where the alleged accident occurred, number of the passenger coach involved and the location on the coach where the accident(s) as alleged in your Complaint occurred.

3.  Please describe in full and complete detail the manner in which the accident(s) as alleged in your Complaint occurred, setting forth in chronological order all relevant facts and all events which occurred prior to, at the time of and subsequent to the alleged accident.

4. Please state the full name and title of your immediate supervisor at the time of the accident(s) as alleged in your Complaint.

5. If you claim your injuries were caused by a dangerous or defective condition at any commuter rail station, commuter rail facility, a particular coach, or the general condition of the premises where you were working, please describe with particularity the alleged dangerous condition(s) or defect(s) which caused the alleged accident, giving an exact description with dimensions and other physical characteristics of the dangerous or defective condition, or of any materials on the premises which caused or contributed to cause the alleged accident.

   a. Please set forth the number, or other identifying character of any materials, tools or appliances, the present location of same and the name and address of the owner of same, to the best of your knowledge.

   b. Set forth all of your observations of the condition of the location of the alleged accident immediately before said accident, during and immediately after.

   c. If the plaintiff claims the alleged accident resulted from the presence of any equipment, tools or materials not generally in the said area, please state your reasons for using said equipment, tools or materials on the date of the alleged accident and the work you were performing immediately prior to the alleged accident.

6. Please state in full and complete detail each and every fact upon which you rely in alleging that the defendant, its agents, servants and/or employees, were negligent and failed to provide a safe place in which to work.

7. Please state the names, addresses and relationship to you of any persons having knowledge of the facts alleged in your Complaint, detailing the specific facts of which said persons have knowledge.

8. Please describe in full and complete detail all of the injuries you claim to have suffered as a result of the alleged accident in the Complaint and for which you seek to recover damages in this action. Please state the specific

dates of disability and specific amounts of lost wages, if any.

9. If, as a result of the injuries you received in the accident as alleged in your Complaint, you were treated at a hospital or clinic, please state:

   a. The name and address of each such hospital or clinic (indicating in-patient and out-patient treatment);
   b. The dates between which you were confined to each such hospital or clinic; and
   c. The dates of any and all out-patient treatments at each such hospital or clinic.

10. If, as a result of the injuries you received in the accident as alleged in your Complaint, you consulted a doctor, please state:

    a. The name and address of each such doctor;
    b. The dates of treatment by each such doctor;
    c. A full description of the treatment rendered by each such doctor on each date of treatment;
    d. The place of each treatment by each such doctor; and
    e. Also state if you are still treating with said doctor(s).

11. If, in addition to the treatment referred to in the preceding interrogatory, you have received other medical or nursing attention as the result of the injuries you received in the accident as alleged in your Complaint, please give full details.

12. If you were confined to bed as the result of the accident as alleged in your Complaint, please state as nearly as you can the dates between which you were so confined.

13. If you were confined to the house as a result of the accident as alleged in your Complaint, please state as nearly as possible the dates between which you were so confined.

14. Please itemize all expenses you have incurred, or which have been incurred on your behalf, to date as a result of the injuries you received in the accident as alleged in your Complaint.

15. If you have recovered from the injuries you sustained as a result of the accident as alleged in your Complaint, please state the approximate date when you were fully recovered.

16. If you have not recovered from the injuries you sustained as a result of the accident as alleged in your Complaint, please state your present condition in detail, designating the parts of your body presently affected and the respect in which affected.

17. State the specific dates you did not work and which you consider was due to the injuries which you allege to have sustained as a result of the accident as alleged in your Complaint.

18. Please describe fully any accident, illness, diseases or operations which have occurred to you, indicating the approximate dates of same:

    a. During the three years before your accident as alleged in your Complaint;
    b. During the period three to five years before your accident as alleged in the Complaint; and
    c. During the period of five to ten years before your accident as alleged in your Complaint.

19. If, subsequent to the date of your alleged accident, your physical condition was affected by illness, operations, injuries or accidents other than the injuries for which you claim damages in this action, please state full details, including the date, location, parties and circumstances surrounding said occurrence, if any, the injuries sustained and the names and addresses of the doctor(s) treating you for said injuries.

20. State the identity of and present location, if known, of all persons having knowledge of relevant facts concerning the matters and issues in this case. If not known, the last known address or location of said person(s). Please include in your answer any employees of the defendant.

21. Please state all persons or firms by whom you have been employed during the past ten years, indicating the approximate dates of employment with each.

22. Please state the nature of your duties in each period of employment listed in your answer to the preceding interrogatory.

23. If you have ever been self-employed, please describe each period of self-employment by indicating the approximate dates, the nature of the work, and your approximate monthly earnings during each such employment.

24. If you know of any witnesses to the accident as alleged in your Complaint, please set forth the full name and address of each such witness and to the extent possible, what they know, observed and/or did in relation to the accident as alleged in your Complaint.

25. Identify each person whom Plaintiff intends to call as a witness at trial.

26. Identify each document upon which Plaintiff intends to rely at trial.

27. Identify each person whom Plaintiff intends to call as an expert witness and for each expert witness:

   a.  State the substance of the opinion to which the witness is expected to testify; and
   b.  Provide a summary for the grounds for each such opinion.

NATIONAL RAILROAD
PASSENGER CORPORATION,
By its attorney,

Paul J. Sahovey
c/o MBTA Law Department
Ten Park Plaza
Boston, MA  02116
(617)222-3189
BBO #437900

Dated:   April 14, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10570 RCL

JOSEPH J. DIBENEDETTO
27 Western Avenue
Wakefield, MA 01880
  Plaintiff

**REQUEST FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF,
JOSEPH J. DIBENEDETTO**

vs.

NATIONAL RAILROAD
PASSENGER CORPORATION
253 Summer Street
Boston, MA 02210
  Defendant

---

  The Defendant, National Railroad Passenger Corporation, (hereinafter referred to as "Amtrak") by its attorney, submits the following Request for Production of Documents to be answered by the Plaintiff.

  The Defendant National Railroad Passenger Corporation ("Amtrak") in the above entitled action, pursuant to Rule 34 of the Rules of Civil Procedure, requests that the Plaintiff's attorney produce all documents and things set forth below which are in their possession, custody or control for inspection and/or copying.

  The said documents and things are to be produced at the offices of the attorney for the Defendant: Paul J. Sahovey, MBTA Law Department, Ten Park Plaza, Seventh Floor, Boston, Massachusetts 02116, in or within thirty days from the date hereof unless some other time and place are mutually agreed upon by the parties or unless the 30-day period is enlarged. Said request is to include documents and things involving all incidents and/or accidents as alleged in Plaintiff's Complaint.

This demand is to include all after-acquired documents and things. The Plaintiff is, therefore, requested to supplement the production of documents and things by forwarding copies to the Defendant Amtrak or putting the Defendant on notice as to any newly acquired material.

## REQUESTS

1. Copies of all signed and/or unsigned statements or statements recorded by mechanical and/or electronic means, made by the Plaintiff's representative to Defendant Amtrak, and/or insurance companies, which relate to the incident(s) referred to in the Complaint and which are in the possession, custody or control or available to the plaintiff.

2. Copies of all signed and/or unsigned statements or statements recorded by mechanical and/or electronic means, made by any witnesses to the alleged accident(s), directly or indirectly, which are in the possession, custody or control of the Plaintiff or subject to his/her control.

3. The names and addresses of all persons known to the Plaintiff who were witnesses, either directly or indirectly, to the accident(s) as alleged in your Complaint.

4. Photographs or sketches, plans or diagrams, or copies thereof, of the scene of the accident(s) as alleged in your Complaint, the condition of the engine room of the locomotive and/or equipment involved in the accident together with any and all photographs which the Plaintiff intends to offer in evidence at the time of trial.

5. Any and all work and wage records, including hourly rate of pay, for a period of ten (10) years prior to the date of each accident(s) as alleged in your Complaint.

6. Any accident reports or other reports, either oral or in writing, filed either by the Plaintiff or on the Plaintiff's behalf by his attorney(s) or otherwise for the accident(s) as alleged in your Complaint.

7. All medical, hospital or other reports, either written or oral, involving injuries or damages as alleged to have been suffered by the Plaintiff as a result of the accident(s) as alleged in your Complaint; also, any and all bills,

insurance company receipts of payment, together with all canceled checks, evidence of payment and/or cash receipts evidencing payment.

8. All medical, hospital, or other reports, either written or oral, involving injury to Plaintiff for a period of three years prior to the date of the accident(s) as alleged in your Complaint and also any and all bills, insurance company reports of payment together with all canceled checks, evidence of payment and/or cash receipts evidencing payment.

9. Copies of all state and federal income tax records and returns which the Plaintiff filed with the federal government, Commonwealth of Massachusetts and county of residence for a period of five (5) years prior to the date of the accident(s) as alleged in your Complaint.

10. Copies of all reports of all expert witnesses in the possession or custody of the Plaintiff or subject to plaintiff's control.

11. Copies of all documentary evidence to be used by the plaintiff at the trial of this action including but not limited to public records, if any.

12. Copies of any and all plans, diagrams or drawings of the area of the locomotive, engine room, commuter rail station, commuter rail facility, a particular coach, or the general area of the premises where you were working at the time of the accident(s) as alleged in your Complaint.

NATIONAL RAILROAD
PASSENGER CORPORATION,
By its attorney,

Paul J. Sahovey
c/o MBTA Law Department
Ten Park Plaza
Boston, MA  02116
(617) 222-3189
BBO #437900

Dated:   April 14, 2004

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH J. DIBENEDETTO,
    Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER
CORPORATION,
    Defendant.

CIVIL ACTION NO.: 04-10570-RCL

## AFFIDAVIT OF JOHN E. YOUNG, ESQ.

I, John E. Young, Esq., do hereby swear and depose as follows:

1. I am an attorney duly admitted to practice law in the Commonwealth of Massachusetts and I represent the defendant in the above-entitled matter;

2. On July 6, 2005, I contacted Attorney Michael McDevitt, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Boston, MA 02210, counsel who has appeared on behalf of the plaintiff, to discuss the issues raised in *National Railroad Passenger Corporation's Motion For Leave To Conduct Discovery And To Postpone The Trial Date*;

3. Attorney McDevitt stated that he is local counsel on this case and that I needed to speak with Attorney Thomas Joyce, 150 S. Independence Mall West, Philadelphia, PA 19106 in regards to this matter;

4. I called Attorney Joyce and left him a voice mail message on July 6, 2005;

5. I faxed Attorney Joyce a letter on July 7, 2005 requesting that he contact me to discuss this matter;

6. I called Attorney Joyce on July 11, 2005 and left a message with his assistant explaining my request to confer on this matter;

7. I have not heard from Attorney Joyce to date.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF, JULY 2005.

_____
John E. Young, Esq.