UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH J. DI BENEDETTO, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| NATIONAL RAILROAD PASSENGER : | CIVIL ACTION NO.: 04-10570-RCL |
| CORPORATION, : | |
| : | |
| Defendant. : | |

## PLAINTIFF'S MOTION TO COMPEL SITE INSPECTION

Plaintiff, Joseph J. DiBenedetto, by and through his attorneys, Hannon & Joyce, hereby moves this Honorable Court for an Order compelling Defendant, National Railroad Passenger Corp. ("AMTRAK") to permit a site inspection, and avers as follows:

1.    This case involves occupational cumulative trauma injuries sustained by Plaintiff, Joseph J. DiBenedetto to his upper extremities that resulted in two (2) surgeries.

2.    Plaintiff has been employed by Defendant as a carman since July 14, 1976, and is therefore is governed by the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§51-60.

3.    This matter was originally filed in Philadelphia and later removed to the United States District Court for the District of Massachusetts on or about March 23, 2004.

4.    Prior to the case being removed, Plaintiff served Answers to Interrogatories on prior counsel for Defendant.  In answer to

Interrogatory No. 59, regarding the identity of each person the Plaintiff expected to call as an expert witness on his behalf at trial, Plaintiff's answer was: "Including, but not limited to, Plaintiff's treating physicians, vocationalists, economists <u>and ergonomists, all of whom will be identified prior to trial.</u>" A copy of Plaintiff's Answers to Defendant's Interrogatories is attached hereto as Exhibit "A" and incorporated by reference.

5.     Thereafter, on September 13, 2005, Plaintiff's attorney forwarded AMTRAK's current counsel a copy of Plaintiff's Answers to Defendant's Interrogatories. A copy of Plaintiff's attorney's letter of 9/13/05 is attached hereto as Exhibit "B" and incorporated by reference.

6.     On November 7, 2005, counsel for Plaintiff sent counsel for AMTRAK a letter identifying Robert O. Andres, Ph.D. as Plaintiff's expert ergonomist and requesting that defense counsel contact him to schedule a mutually convenient time to perform a site inspection within the next two months. A copy of Plaintiff's attorney's letter of 11/7/05 is attached hereto as Exhibit "C" and incorporated by reference. In addition, counsel for Plaintiff made an oral request for a site inspection to AMTRAK's attorney, who indicated that he would check with his client and get back with him with an answer.

7.     Subsequently, on November 15, 2005, counsel for AMTRAK sent Plaintiff's attorney a letter advising that Defendant "is not willing to stipulate to your request to use Dr. Robert Andres as an expert in this case." Defendant offered no further explanation. A copy of defense

counsel's letter of 11/15/05 is attached hereto as Exhibit "D" and incorporated by reference.

8.    The Plaintiff's surgeon has related Plaintiff's inujuries to the work he performed at the railroad. However, due to the fact that Plaintiff has suffered cumulative trauma injuries, he will also require the testimony of an ergonomist such as Robert O. Andres, Ph.D. at trial to discuss the occupational risk factors for develpoing upper extremity injuries that are present at his job. In order to prepare a report, it would be more beneficial for Dr. Andres to perform a site inspection so that he can observe carmen such as the Plaintiff at work for the Defendant, and to photograph and measure the tools that the Plaintiff works with.

9.    Dr. Andres is available to perform a site inspection after December 15, 2005. The trial in this case is scheduled for January 23, 2006. Dr. Andres will require time to prepare a report after a site inspection. Accordingly, it is imperative that Plaintiff be permitted to perform a site inspection at soon after December 15, 2005 as is practical.

10.    Plaintiff would be severely prejudiced if Defendant is not required to permit a site inspection. Conversely, Defendant has been aware for years that Plaintiff intended to use an ergonomist, and will suffer no prejudice by being compelled to permit a site inspection in this case.

WHEREFORE, Plaintiff, Joseph J. DiBenedetto, respectfully requests that this Honorable Court enter an Order compelling Defendant,

National Railroad Passenger Corporation to permit Plaintiff to perform a site inspection.

## **REQUEST FOR HEARING**

In accordance with Local Rule 7.1(D), Plaintiff believes that oral argument, if necessary, may assist the Court and wishes to be heard and therefore requests that the Court schedule a hearing on his Motion.

Respectfully submitted,

HANNON & JOYCE

_____
Don P. Palermo, Esquire
Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460

## **CERTIFICATION**

In accordance with L.R.7.1, I, Don P. Palermo, Esquire, certify that I have attempted, unsuccessfully, to confer with counsel for Defendant, John E. Young, Esquire, in order to resolve or narrow the issues in Plaintiff's Motion to Compel Site Inspection.  See Affidavit of Don P. Palermo, Esquire attached hereto as Exhibit "E" and incorporated by reference.

_____
Don P. Palermo, Esquire

Date: 11/30/05

**EXHIBIT "A"**

**HANNON & JOYCE**
**BY: THOMAS J. JOYCE, III, ESQ.**
ATTORNEY ID NUMBER: 48783
The Curtis Center, Suite 450
Independence Square West
Philadelphia, PA  19106
215-446-4460

**Attorney for Plaintiff**

---

JOSEPH J. DI BENEDETTO                    :

          Plaintiff                    :

                                 :

Vs.                                      :

                                 :

AMTRAK                                   :

                                 :

          Defendant                    :

                                 :

**COURT OF COMMON PLEAS**
Philadelphia, County

September Term, 2002
No.: 3086

---

**PLAINTIFF'S ANSWERS TO**
**DEFENDANT'S INTERROGATORIES**

1.    **Please state your:**
      **a)  full name;**
      **b)  all other names by which you have ever been known;**
      **c)  date of birth;**
      **d)  social security number;**
      **e)  New Jersey Transit railroad identification number; and**
      **f)  current address.**

    Joseph J. DiBenedetto, 27 Western Avenue, Wakefield, Massachusetts,
    DOB: 3/30/54, SS#: 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, Plaintiff is an employee of Amtrak
    and therefore, has no NJT ID#.

2.    **Please state names and addresses of your present spouse, if any, and**
    **of all other former spouses, if any, and the dates during which you**
    **were married to each:**

    Plaintiff was married to Louise on 4/13/85.

3.    **Please state in chronological order each railroad by which you have**
    **been employed and provide the following information:**
      **a)  the date on which you were hired by each railroad;**
      **b)  the date of termination with each railroad;**
      **c)  your craft, position, or occupation with each railroad;**
      **d)  the geographical location of your employment with each railroad;**
      **e)  hours worked per day;**

    f) **days worked per week;**

    g) **months worked per year; and**

    h) **the full name of all of your supervisors during each period of railroad employment.**

(a-d) Plaintiff has worked for Amtrak since 1976 as a Carman in Massachusetts.

(e-h) Within Defendant's knowledge.

4. **For each railroad employer identified in the immediately preceding interrogatory, describe in detail any repetitive and/or forceful task performed during the course of your employment, including in your response the following particulars:**

    a) **a description of each task involving repetitive use or exertion of force with your fingers, hands, wrists, shoulders, or upper extremities;**

    b) **identify each hand tool and/or power tool used during the course of your employment, including the frequency and duration of use, and a detailed description of the operation of the tool.**

    c) **Identify any power equipment that exposes your fingers, hands, wrists, or upper extremities to vibration.**

(a-c) Plaintiff's job duties include, but are not limited to excessive amounts of twisting, using hands overhead to reach cables and work on cars from underground pit to repair brakes.

As a Carman, Plaintiff used a variety of tools, including but not limited to, pneumatic and hydraulic tools like air impact guns, impact tools, large monkey wrenches.

5. **Please state whether you perform any of the following motions during the course of your employment duties:**

    a) **bending and/or rotation of your wrists to use hand tools, power equipment, controls, or manipulation of parts or materials;**

    b) **seizing hand tools, power tools, controls, parts, or materials with your hands;**

    c) **grasping hand tools, power equipment, controls, parts or materials with your hands;**

    d) **twisting, screwing or turning tools or controls with your hand;**

    e) **pressing or pushing with the palmar surface of your hands during the use of hand tools, power tools, controls, or manipulation of parts or materials;**

    f) **rotating your wrists during the use of hand tools, power equipment, controls, or manipulation of parts or materials;**

    g) **rotating your wrists during the use of hand tools, power equipment, controls, or manipulation of parts or materials;**

    h) **lifting and lower loads with your hands, wrists, and arms;**

      i)  **pounding motions; and,**

      j)  **rubbing motion.**

    (a-j) Yes.

6.    **If your answer to any subpart of the immediately preceding interrogatory is in the affirmative, please provide a description of the task requiring such motion and the frequency and duration of time over which you perform such motion during your work day.**

    Plaintiff's job with the railroad requires, force, repetition and static hand posture all day long.

7.    **State each period of furlough from railroad employment in excess of thirty days, providing the date on which each furlough commenced, the date on which each furlough terminated, and the reason for such furlough.**

    None.

8.    **Please state each period of non-railroad employment, including self-employment, employment prior to railroad employment, post-railroad employment, and employment concurrent with railroad employment, and, in chronological order, provide the following particulars:**

    a)  **the commencement date and termination date for each period of non-railroad employment;**

    b)  **the nature of the business conducted by the employer;**

    c)  **your craft, position, or occupation with each non-railroad employer;**

    d)  **the address of each non-railroad employer;**

    e)  **each and every permanent or temporary duty to which you were assigned, including in your answer the date on which each duty commenced, the date on which each duty terminated, and a description of the nature of the duties assigned at each duty station;**

    f)  **the hours worked per day, days worked per week, and months worked per year for each non-railroad employer;**

    (a-f) Plaintiff worked on a part-time basis for the United States Post Office in 1975.

9.    **For each non-railroad employer identified in the immediately preceding interrogatory, describe in detail any repetitive task performed during the course of your employment, including in your response the following particulars:**

    a) **a description of each task involving repetitive use or exertion of force with your fingers, hands, wrists, or upper extremities;**
    b) **identify each hand tool and/or power tool used during the course of your employment, if and, including the frequency of use, and a detailed description of the operation of the hand tool and/or power tool; and**
    c) **Identify any power equipment that exposed your fingers, hands, wrists, or upper extremities to vibration.**

(a-c) None.

10. **Has there been any increase or decrease in the number of employees who perform the same or similar employment duties as you?  If so, please state the following particulars:**
    a) **the number of employees performing the same or similar tasks to which you are assigned immediately prior to an increase or decrease in work force;**
    b) **the number of employees performing the same or similar tasks to which you are assigned immediately after the increase and/or decrease in work force; and**
    c) **the number of employees performing the same or similar tasks to which you are assigned at present.**

(a-c) There has been an overall decrease in the number of employees resulting in more work for each remaining employee.  However, the Plaintiff is not aware of the exact number of employees performing the same or similar tasks to which he was assigned prior to, during or subsequent to the decrease in workforce, or the exact number of employees performing the same or similar task to which he is assigned at the present time.

11. **Has there been any increase or decrease in the production rate required of employees who perform the same or similar tasks as you?  If so please provide the following particulars:**
    a) **the date on which any change in production rates was implemented; and**
    b) **if production quotas have been established, the particulars of any production quotas to which you are subject.**

Please see answer to interrogatory 10.

12. **Please state the full name of your immediate supervisors at the time of any change in work force or production rates described in response to interrogatories numbers 10 and 11, above.**

Within Defendant's knowledge.

13. **Have you ever made any complaints to your supervisors and union representatives about the tools and equipment you use in performing your employment duties, working conditions, or work methods? If so, please state the following particulars:**
    a) **the nature of the complaint;**
    b) **the date on which each such complaint was made;**
    c) **the identity of the person to whom such complaint was made;**
    d) **whether such complaint was oral or in writing; and**
    e) **if such complaint was in writing, the custodian of the written complaint.**

    (a-e) No.

14. **Do you contend that any of the tools and/or equipment furnished by the Defendant were defective and/or inadequate for the performance of your employment duties? If so, please provide the following particulars:**
    a) **identify the tool and/or equipment;**
    b) **state the frequency of your use of such tool and/or equipment;**
    c) **provide a detailed description of the operation of the tool and/or equipment; and**
    d) **state your reasons for contending that such tool and/or equipment is inadequate and/or defective.**

    (a-d) No.

15. **Do you contend that any work methods and/or condition at the railroad have contributed, in whole or in part, to your condition as stated in your Complaint? If so, please provide a description of the work method and/or working conditions that you contend have contributed, in whole or in part, to your conditions stated in you Complaint.**

    Yes. Defendant failed to provide Plaintiff with a safe place to work as required by the Federal Employer's Liability Act. Furthermore, defendant failed to provide an adequate and timely ergonomics program.

16. **Please state whether you have ever been a member of the armed forces of the United States or of any state. If so, please state the following particulars:**
    a) **your military serial number;**
    b) **the date of your enlistment or conscription;**
    c) **every permanent or temporary duty station to which you were assigned, providing the location of each;**
    d) **the date upon which each such period of service commenced;**
    e) **the date upon each such period of service was terminated;**
    f) **a description of the nature of the duties performed at each such duty station;**

    **g)** **whether you sustained any injury of any kind, completely describing the nature of the injury and any medical treatment rendered as a result of such injury; and**

    **h)** **the date of your discharge from the armed forces and the type of discharge received.**

(a-h) Plaintiff was in the military for three years beginning in 1972 working on weapons and artillery.

17.   **Please state whether you presently engage in or have engaged in the past in the following activities:**
   **a)** **Knitting or crocheting;**
   **b)** **Sewing or upholstering;**
   **c)** **Auto or motorcycle mechanics detailing;**
   **d)** **gardening, farming, or yard work, including in your response any hand tools and/or power equipment used during such activities;**
   **e)** **the use of hand or power tools for purposes of home maintenance or improvement;**
   **f)** **painting, including home maintenance;**
   **g)** **fine-assembly hobbies;**
   **h)** **typing and/or computer operation or writing;**
   **i)** **bowling;**
   **j)** **golf;**
   **k)** **tennis;**
   **l)** **bicycling;**
   **m)** **racquetball or other racquet sports;**
   **n)** **basketball, baseball or softball;**
   **o)** **archery;**
   **p)** **skiing;**
   **q)** **conditioning exercise involving weight lifting, push-ups, pull-ups, rowing, or jumping rope; and**
   **r)** **musical instruments.**

(a-r) Yes.  In the past, Plaintiff golfed, bowled, played tennis, football and basketball.  However, Plaintiff has been unable to participate in these activities since his injuries.

18.   **If your answer to any subpart of the immediately preceding interrogatory is in the affirmative, please state the following particulars for each such activity:**
   **a)** **the number of years during which you have engaged in each activity;**
   **b)** **the frequency that you engage in each activity; and**
   **c)** **the number of hours spent on each occasion that you engage in such activity.**

(a-c) Plaintiff participated in the above named activities sporadically throughout his life.

19. **Please state any non-occupational activity not identified in your answer to the immediately preceding interrogatory that requires repetitive motions using the fingers, hands, wrists, shoulders, or upper extremities; exposes you to continuous vibration; or requires the exertion of force with your fingers, hands, or wrists.**

None.

20. **Please state whether you now have or have had at any time during the past following medical conditions:**
    **a) diabetes;**
    **b) arthritis;**
    **c) thyroid disfunction;**
    **d) gout;**
    **e) neck injury;**
    **f) spinal injury;**
    **g) calcium deposits, tumors, cysts, or broken/displaced bones in the fingers, hands, or wrists;**
    **h) pregnancy;**
    **i) obesity;**
    **j) hemodialysis/ kidney disease;**
    **k) alcoholism;**
    **l) vascular disease;**
    **m) amyloidosis;**
    **n) hemophilia;**
    **o) prior surgery to the fingers, hands, or wrists;**
    **p) liver disease;**
    **q) use oral contraceptives or hormone supplements;**
    **r) gynecological surgery.**

(a-r) Yes. Plaintiff previously had the carpal bones in his hands removed. For further information, please see attached medical records.

20. **If your answer to any subpart of the immediately preceding interrogatory is in the affirmative, please state the following particulars:**
    **a) the onset date of any disease and/or condition and the period over which you have suffered from any such disease and/or condition;**
    **b) whether you sought medical attention as a result of any such disease and/or condition;**
    **c) the name and address of any treating physician who rendered treatment for any such disease and/or condition;**
    **d) the dates on which any medical treatment for such disease and/or condition was rendered;**
    **e) the exact nature of medical treatment for any such disease and/or condition;**

f) whether any diagnostic tests were performed, and if so, the nature of such tests, the results thereof, and the name and address of the person or institution who performed them and the present custodian of the records of such tests;

g) whether any medications were administered either by a physician, an institution, or by you in an attempt to cure and/or alleviate any such conditions and identify the medications administered or used;

h) whether surgical intervention was required in an attempt to cure or alleviate any such disease and/or condition, and if so, the name and address of the physician who performed such surgery and the name and address of the institution at which such surgery was performed;

i) the residual effect, if any, of any such disease and/or condition.

(a-i) Please see attached medical records.

21. Please state whether you have ever sustained any traumatic injury, including a burn, laceration, contusion, broken or displaced bone, crush injury, puncture wound, or amputation, to your fingers, hands, wrists or shoulders. If so, please provide the following particulars:

a) the date upon which each such injury was sustained

b) the particular body part injured;

c) the cause of such injury;

d) a complete description of the nature and extent of such injury;

e) whether you sought medical treatment as a result thereof;

f) the date of any such treatment;

g) the nature of any such treatment;

h) the name and address of any physician and/or institution providing such treatment;

i) whether any diagnostic tests were performed, and if so, the nature of such tests and the results thereof;

j) the name and address of any physician or institution performing diagnostic tests;

k) whether surgery was required in the treatment of such injuries, and if so, the name and address of the physician who performed such surgery and the name and address of the institution at which such surgery was performed; and

l) the residual effects, if any, of such injury.

(a-l) No.

22. As of the date on which your Complaint was filed, state whether you were suffering from any preexisting carpal tunnel syndrome and/or nerve entrapment syndrome and/or repetitive strain injury and/or cumulative trauma disorder, and if so, please state the following particulars:

a) a complete description of the nature and extent of your pre-existing condition;
b) the extent to which you are disabled, wholly or partially, as a result of your preexisting condition;
c) whether you are or have been treated for your preexisting condition, and if so, a description of the nature of the treatment, frequency of the treatment, and the name and address of the treating physician and/or institution.
d) The expected progression of the preexisting condition, in the absence of any aggravating causes; and whether your preexisting condition is permanent.
e) Whether your preexisting condition is permanent.

Please see attached medical records.

23.    **Please state your present height and weight and indicate whether your weight has ever deviated more than ten pounds from your present weight within the past five years.**

Plaintiff is 6' tall and 310 lbs.

24.    **Please state whether you are right-handed or left-handed.**

Plaintiff is right-handed.

25.    **Please state whether you suffer from any of the following symptoms.**
a) while operating power tools or using hand tools, fingers turn white or lose sensation;
b) numbness in your fingers, hands, or wrists;
c) prickling sensation in your fingertips, hands, or wrists;
d) tingling sensation in your fingers, hands, or wrists;
e) Burning sensation in your fingers, hands or wrists;
f) Aching sensation in your fingers, hands, or wrists;
g) Pain in your fingers, hands, wrists, or shoulders;
h) Inability to distinguish hot from cold with your fingers or hands;
i) Loss of manual dexterity; and
j) decreased grip or turning strength.

(a-j) Yes.

26.    **If your answer to any subpart of the immediately preceding interrogatory is in the affirmative, please provide the following particulars:**
a) the body part affected;
b) factors that aggravate your symptoms;
c) whether you experience your symptoms constantly or intermittently;

    **d) whether any of your symptoms radiate into other parts of your forearms, elbow, arms, shoulders, or neck, and, if so, please describe the extent to which your symptoms radiate to other areas of your body; and**

    **e) the onset date of each symptom.**

a) Plaintiff's right hand and wrist
b) repetition, vibration, static hand and arm posture, and awkward hand and arm posture, forceful use of hands and arms, sleeping eating, driving, working, holding things and twisting and turning things with hands.
c) Constant
d) Do not radiate
e) 2001

27. **Do you experience any of the symptoms identified by you in interrogatory number 26 during non-waking hours? If so, please sate whether your symptoms interfere with your ability to obtain a full-night's sleep, the number of house you ordinarily sleep per night, the number of hours that you sleep if you are awakened by your symptoms, the number of times per week that you are awakened by your symptoms.**

Plaintiff wakes up frequently during the night as a result of a burning sensation in his hands and shoulder.

28. **Please state whether you have been subjected to nerve conduction studies, electomyography, x-rays, computerized tomography or magnetic resonance imaging relevant to the condition alleged in your Complaint. If so, please identify the physician or institution administering such testing and provide the address of the physician or institution and the dates on which such testing was conducted.**

Yes. Please see attached medical records.

29. **Please state whether any physician, health care professional, or any other person has advised you that you have carpal tunnel syndrome and/or a nerve entrapment syndrome and/or a repetitive stress injury and/or a cumulative trauma disorder? If so, please provide the following particulars:**

    **a) the identity and address of any such physician, health care professional, or other person;**

    **b) whether such statement was oral or in writing;**

    **c) if such statement was in writing, please provide the present custodian of such writing; and**

    **d) state the content of such oral or written statement.**

(a-d) Yes. Please see attached medical records.

30.  **State whether you have been examined by a physician or institution pursuant to instructions or arrangements made by an attorney.  If your answer is in the affirmative, please provide the following particulars:**
   a) **the identity and address of each physician or institution;**
   b) **the date of each examination;**
   c) **whether any of the examining physicians or institutions submitted a report to you and/or your attorney;**
   d) **the date of any such report; and**
   e) **the custodian of any such report.**

   (a-e) No.

31.  **Have you sought medical attention from any physician or institution including physical therapy, carpal tunnel syndrome and/or a nerve entrapment syndrome and/or a repetitive strain injury and/or a cumulative trauma disorder? If your answer is in the affirmative, please provide the following particulars:**
   a) **the identity and address of any physician or institution from whom you have sought medical attention; and**
   b) **the dates on which any such treatment was rendered.**

   Yes. Please see attached medical records.

32.  **Please state whether you are presently being treated on a regular basis by any physician, health care professional, chiropractor, or physical therapist in an attempt to alleviate and cure your condition.  If so, please state the identity and address of any such provider, the dates of any such treatment, and who had paid for such treatment.**

   Yes. Please see attached medical records.

33.  **Please state whether any physician, health care professional, chiropractor, physical therapist, psychiatrist, or psychologist has recommended any future treatment in an attempt to cure or alleviate your condition.  If so, please provide the identity and address of the health care professional recommending any such future therapy, including in your response the probable expense of any such future treatment.**

   Yes. Please see attached medical records.

34.  **Please state whether any physician or other health care professional has recommended that you undergo any surgical procedure in the**

future in an attempt to cure or alleviate your condition.  If so, please state the following particulars:

a)  the identity and address of the persons recommending the surgery;

b)  the probable dates on which you will undergo the surgery;

c)  the estimated cost of the surgery;

d) the time, if any, that you expect to be absent from your employment; and

e)  the nature of the surgery recommended.

(a-e) Yes.  Please see attached medical records.

35.  **Please state whether you have undergone any surgery in an attempt to cure or alleviate the injury, disease, illness and/or condition alleged herein.  If so, please provide the following particulars:**

a)  the extremity on which surgery was performed;

b)  the date on which the surgery was performed;

c)  the identity of the surgeon;

d) identify the health care institution at which your surgery or surgeries were performed, including the address of the institution;

e)  whether the surgery relieved your symptoms;

f)  whether any of your symptoms have reoccurred subsequent to any surgery; and

g)  whether you have experienced any post-surgical complications of any nature whatsoever and if so, the details of your complications.

(a-g) Yes. Please see attached medical records.

36.  **Please identify your present family physician and any former family physician with whom you have consulted during your adult life and provide a current address for each.**

Plaintiff's primary physician is Dr. Bruce Watrous, 300 Quannapowitt Parkway, Wakefield, Massachusetts.  For further information, please see attached medical records.

37-41. Not applicable.

42.  **Have you ever filed or caused to be filed a written grievance with your supervisors and union representatives or made any complaint, either written or oral, concerning your working conditions while employed by any railroad entity.  If so, please state the following particulars:**

a) Identify the railroad entity by whom you were employed at the time of the complaint or grievance;

**b) Identify the labor union and/or employer representative with whom your complaint or grievance was filed;**
**c) Provide the date on which your complaint or grievance was filed;**
**d) Identify the person to whom the complaint or grievance was directed or filed, including in your answer that person's title and address**
**e) State the subject matter of the complaint or grievance; and state the disposition of the complaint or grievance by the labor union and/or your employer.**

(a-e) Please see answer to interrogatory 55.

43. **State every injury, disease, or condition that you allege was caused, in whole or in part, by Defendant.**

Plaintiff has chronic pain in right wrist, indications of intercarpal arthritis, a spur on the scaphoid and radial styloid.

44. **Have you ever made any claim for or received any health, casualty, or accident insurance benefits, disability benefits, pensions, supplemental sickness benefits, or accident compensation payments relating to the injuries of which you complain? If so, please provide the following particulars:**
**a) the circumstances under which you received the benefits, awards, or payments;**
**b) the injury, illness, or condition for which you received the benefits, awards, or payments;**
**c) the identity and addresses of your employer at the time you received any such benefits, awards, or payments;**
**d) the identity and addresses of the courts, board, tribunal, insurance company, person or entity before which or to whom the claim or claims were made or filed and the dates the claims were made or filed;**
**e) the amount of the benefits, awards, or payments received;**
**f) the date of each such benefits, awards, or payments;**
**g) the agencies or insurance companies from whom you received the benefits, awards, or payments; and**
**h) whether any such benefit, award, or payment was made under any policy of insurance paid for by Defendant.**

(a-h) Yes. Plaintiff is collecting disability benefits. For further information, please see attached records.

45. **State whether you have been or are presently suffering from any physical ailment or infirmity of any nature whatsoever not alleged to have been caused by Defendant, and if so, please state the following particulars:**

a) a complete description of the nature and extent including the duration and permanency, of any such condition, including in your answer all past or present symptoms:

b) the date upon which the symptoms of any such ailment or infirmity first appeared;

c) the date any such ailment or infirmity was diagnosed;

d) whether you have received or are receiving any medical treatment for such ailment or infirmity;

e) the identity and address of each treating physician, institution, or therapist;

f) the dates of any such treatment;

g) the nature of any such treatment;

h) whether any diagnostic tests have been performed, and if so, the nature of such test, the results thereof, the identity and address of the physician, institution, or therapist who performed them, and the identity and address of the present custodian of the records thereof;

i) whether any medications have been administered by any physician, institution, therapist, or by you for any such ailment or infirmity, including in your answer the identity of any such medications and the dates on which you have been medicated; and

j) whether you are disabled, whether temporarily partially disabled, temporarily totally disabled, permanently partially disabled, or permanently totally disabled, as a result of such ailment or infirmity.

(a-j) Yes. Please see attached medical records.

46. **Please state whether you have lost any earnings as a result of the condition of which you complain in your Complaint. If so, please state the amount of your loss and the period over which you have lost or will lose earnings as a result of your condition.**

Plaintiff lost $46,056 in straight time and the Plaintiff has estimated $18,468 in overtime, totaling $64,524 in lost wages.

47. **Do you contend that you earning capacity is impaired in any way by your condition: If so, please state every fact that supports your contention.**

Yes.

48. **Have you experienced any loss or reduction in your employment benefits as a result of your condition? If so, please provide the details of any loss or reduction in benefits, including in your answer the specific benefits lost, the monetary value of the lost benefits, and the cost to you, if any, to replace the lost benefits.**

No.

49. **Have you expended any of your, own funds for medical costs, pharmaceutical, physical therapy, appliances, or other treatment in an attempt to alleviate or cure your condition? If so, please state the dates on which each such expenditure was made and the amount of each such expenditure, including in your answer the identity and address of any physician, institution, or provider whom any such payment has been made.**

Yes. Please see attached medical invoices.

50. **Do you contend that condition prevents you from engaging in any leisure activity, social function, or has otherwise impaired your capacity to enjoy life, including physical pain and suffering?  If so, please state the nature and extent of any impairment in your capacity to enjoy life in detail.**

Yes.  Plaintiff is unable to participate in activities that require intensive hand use.  Overall, Plaintiff has lost his capacity to enjoy life because of this injury.

51. **Are you experiencing any emotional and/or psychological problems as a result of your condition? If so, please state the nature and extent of any such emotional and/or psychological problem, the date of onset of any such condition and whether you have consulted with any mental health care provider in an attempt to cure or alleviate your condition, including in your response the identity and address of any mental health care provider with whom you have conferred and the dates of treatment.**

No.

52. **As a result of any surgery that you have undergone in an attempt to cure or alleviate your condition, do you contend that you suffer from any scarring and/or disfigurement? If so, please state the nature and extent of any scaring and/or disfigurement in detail.**

Yes, Plaintiff has two scars on his wrist, one is 1" to 2" and the other is 3" to 4".

53. **Please identify every elementary school, high school, college or university, and vocational or trade school that you have attended, including the dates of attendance, the nature of education or training received and any certificates or degrees awarded from the schools.**

Graduated from Cathedral High School in Boston.

54. **Have you been denied any promotion or declined to bid into any position at the railroad or declined to accept any position with a non-railroad employer because of your condition? If so, please state the date on which you were denied or declined to accept any promotion or position and reason why you were denied or declined to accept any such promotion or position.**

Yes, Plaintiff applied for a foreman position and was denied because he was injured.

55. **Have you ever filed a suit for money damages for any personal injury;  If yes, please state the following particulars:**
    a) **the identity and address of all plaintiffs, defendants, and other parties to the lawsuit, including in your answer the attorneys for the respective parties;**
    b) **the court and jurisdiction where each lawsuit was filed, the date of filing, and the docket number of each lawsuit;**
    c) **the nature and extent of the injuries alleged in the Complaint in each lawsuit; and**
    d) **the present status of each lawsuit, and if concluded, the final results, including in your answer the amount of any settlement or judgment.**

(a-d) Yes.  Filed a suit for an ankle injury in 1996 and was settled on or about 1999.  Plaintiff was represented by Michael McDevitt.  For further information, please see attached records.

56. **Please identify each witness whom you intend to call on your behalf at the trial of this action, including in your answer the following particulars:**
    a) **The full name of every such witness, and any other name by which any such witness is now or has been known;**
    b) **The business address and telephone number of any such witness;**
    c) **The residence address and telephone number of any such witness.**

(a-c) Witnesses include, but are not limited to, the Plaintiff, coworkers, supervisors and physicians, all of whom will be identified prior to trial.

57. **Please state the identity of all witnesses to any of the allegations referred to in your Complaint not identified in the immediately preceding interrogatory, irrespective of whether you intend to call such witnesses on your behalf at the trial of this action, including in your answer the following particulars:**

a) **The full name of every such witness, and any other name by which any such witness is now or has been known;**
b) **The business address and telephone number of any such witness;**
c) **The residence address and telephone number of any such witness.**

(a-c) Please see answer to interrogatory 56.

58. **Identify any written statement from any persons having knowledge of facts relevant to the subject matter of this lawsuit, including but not limited to the date of the statement, the identity of the person making the statement, the subject mater of the statement and the present location and custodian of the statement.**

Please see attached records.

59. **Please identify each person whom you expect to call as an expert witness on your behalf at trial.**

Witnesses include, but are not limited to, Plaintiff's treating physicians, vocationalists, economists and ergonomists, all of whom will be identified prior to trial.

60. **Please state the subject matter about which each expert identified in the immediately preceding interrogatory is expected to testify.**

Experts are expected to testify on the causation of the Plaintiff's work to his injury, the Plaintiff's past and future losses and the Defendant's responsibility to the Plaintiff.

61. **Please state the substance of the facts and opinions to which each expert identified in interrogatory number 60 is expected to testify, including in your answer a summary of the grounds for each opinion.**

Please see answer to 60 and 61.

DATE: _____                    HANNON & JOYCE

                                     BY: _____
                                         THOMAS J. JOYCE, III, ESQ.
                                         Attorney for Plaintiff

**EXHIBIT "B"**



**HANNON & JOYCE** LAW OFFICES

PUBLIC LEDGER BUILDING, SUITE 1000
150 SOUTH INDEPENDENCE MALL WEST
PHILADELPHIA, PENNSYLVANIA 19106-3413
(215) 446-4460  ~  (888) 222-FELA (US)  ~  (215) 446-4479 (FAX)
hjmail@hannonandjoyce.com

DON P. PALERMO
d.palermo@hannonandjoyce.com

September 13, 2005

John E. Young, Esquire
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA  02169

      RE:    Joseph J. DiBenedetto v. National Railroad Passenger Corporation
             U.S.D.C., Massachusetts (Boston), C.A. No.:  04-10570-RCL
             <u>Our File Number:    X1-51593-K</u>

Dear Mr. Young:

    As per our telephone conversation today, enclosed please find Plaintiff, Joseph J. DiBenedetto's Answers to Defendant's Interrogatories, which were previously forwarded to the former defense counsel for Amtrak with regard to the above-referenced matter.

    Thank you.

                          Very truly yours,

                          DON P. PALERMO

DPP/kad
Enclosures

**EXHIBIT "C"**



## HANNON & JOYCE
### LAW OFFICES

PUBLIC LEDGER BUILDING, SUITE 1000
150 SOUTH INDEPENDENCE MALL WEST
PHILADELPHIA, PENNSYLVANIA 19106-3413
(215) 446-4460  ~  (888) 222-FELA (US)  ~  (215) 446-4479 (FAX)
hjmail@hannonandjoyce.com

DON P. PALERMO
d.palermo@hannonandjoyce.com

November 7, 2005

John E. Young, Esquire
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA  02169

RE:    Joseph J. DiBenedetto v. National Railroad Passenger Corporation
       U.S.D.C., Massachusetts (Boston), C.A. No.:  04-10570-RCL
       <u>Our File Number:    X1-51593-K</u>

Dear Mr. Young:

Please be advised that we have retained Robert O. Andres, Ph.D. as our ergonomic expert with regard to the above-referenced matter.  Kindly contact me upon receipt of this letter to schedule a mutually convenient time for Dr. Andres to perform a site inspection within the next two months.

Thank you for your courtesy and cooperation.  I look forward to speaking with you soon.

Very truly yours,

DON P. PALERMO

DPP/kad

**EXHIBIT "D"**

# FLYNN & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

MICHAEL B. FLYNN*
RICHARD A. DAVIDSON, JR.
LORI A. WIRKUS+
JOHN E. YOUNG, IV
VALERIE MURPHY

*also admitted in NY
+also admitted in CT

OF COUNSEL:
DURKIN, MCDONNELL,
CLIFTON & O'DONNELL

400 CROWN COLONY DRIVE
SUITE 200
QUINCY, MASSACHUSETTS 02169
TELEPHONE (617)773-5500
FACSIMILE (617)773-5510
E-MAIL: flynnlaw@flynnassoc.com

BOSTON OFFICE:
160 STATE STREET
EIGHTH FLOOR
BOSTON, MA 02109
TEL: (617)722-8253
FAX: (617)722-8254

DETROIT OFFICE:
PENOBSCOT BUILDING
645 GRISWOLD STREET, SUITE 3253
DETROIT, MI 48226
TEL: (313)963-3033
FAX: (313)963-3011

November 15, 2005

Don P. Palermo, Esq.
Hannon & Joyce
The Public Ledger Building, Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106

RE:    DiBenedetto v. National Railroad Passenger Corporation
       U.S.D.C., Massachusetts (Boston), C.A. NO.: 04-10570-RCL

Dear Don:

    Please allow this letter to summarize our conversation of today.  AMTRAK is not willing to stipulate to your request to use Dr. Robert Andres as an expert in this case.

    If you have any questions, please call my office.  Thank you for your attention to this matter.

Sincerely,

John E. Young

Encl.
cc:    Rosa Richmond
G:\F & A\CASE FILES\AMTRAK\occupational\DiBenedetto\correspondence\attorney\Palermo 11-15-05 doc

**EXHIBIT "E"**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH J. DI BENEDETTO,      :
                                      :
                Plaintiff,    :
                                        :
    v.                           :
                                        :
NATIONAL RAILROAD PASSENGER :  CIVIL ACTION NO.: 04-10570-RCL
CORPORATION,            :
                                        :
             Defendant. :

## **AFFIDAVIT OF DON P. PALERMO, ESQUIRE**

    I, Don P. Palermo, Esquire, do hereby swear and depose as follows:

1.     I represent the Plaintiff in the above captioned matter. I am an attorney duly admitted to practice law in the Commonwealth of Pennsylvania and the State of New Jersey and have been admitted pro hoc vice in this case.

2.     On November 7, 2005, counsel for Plaintiff sent counsel for AMTRAK a letter identifying Robert O. Andres, Ph.D. as Plaintiff's expert ergonomist and requesting that defense counsel contact him to schedule a mutually convenient time to perform a site inspection

3.     In addition, I contemporaneously telephoned Attorney John E. Young, Flynn & Associates, P.C., 400 Crown Colony Drive, Suite 200, Quincey, MA 02169, counsel for Defendant, to discuss the issues raised in Plaintiff's Motion to Compel Site Inspection. Mr. Young indicated that he would check with his client and get back to me.

4.     On November 15, 2005, Mr. Young forwarded counsel for Plaintiff a letter advising him that AMTRAK was not willing to stipulate to Plaintiff's request to use Dr. Robert Andres as an expert ergonomist in the case, without any further explanation.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS
_30TH_ OF NOVEMBER, 2005.

_____

Don P. Palermo, Esquire