UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH J. DIBENEDETTO,<br>Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br>Defendant. | CIVIL ACTION NO.: 04-10570-RCL |

**NATIONAL RAILROAD PASSENGER CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL SITE INSPECTION AND CROSS-MOTION TO EXCLUDE ROBERT ANDRES FROM TESTIFYING AT TRIAL**

The defendant, National Railroad Passenger Corporation ("AMTRAK"), hereby moves this Honorable Court to deny *Plaintiff's Motion to Compel Site Inspection*. The defendant also moves to exclude Mr. Andres from testifying at trial. As grounds therefore, the defendant states as follows:

This Honorable Court should deny the *Plaintiff's Motion to Compel Site Inspection* as it is untimely, in violation of the Court's June 3, 2004 scheduling order, does not comply with Fed. R. Civ. P. 26 and will severely prejudice the defendant's ability to defend this case. Moreover, allowing this motion would be clearly inconsistent with the Court's previous rulings on discovery requests. For these reasons, it would also be improper to allow Mr. Andres to testify at trial; therefore, the defendant also seeks his exclusion.

The purpose of the plaintiff's proposed inspection is to provide a basis for his expert opinions. Yet, to date, the plaintiff has not made any of the required expert disclosures (having recently named Mr. Andres in a letter to defendant's counsel on November 7, 2005), even though this case is now less than forty-five (45) days before trial. The plaintiff proposes that an inspection occur after December 15, 2005, meaning that any report would likely not be provided

to defendant's counsel any sooner than the Christmas holiday, less than thirty (30) days before trial.

On June 3, 2004, the Court set pre-trial deadlines in this case including a deadline of December 31, 2004 for the plaintiff to disclose his experts and a deadline of February 27, 2005 for expert discovery. *See* docket report, a copy of which is attached hereto as Exhibit "A." The Court also, on June 9, 2005, set a date for trial and stated that "no more discovery will be allowed in this case." Id. The Court has also strictly enforced its scheduling order in this case. For instance, the Court on August 4, 2005 denied the defendant's motion to conduct discovery and designate expert witnesses. A copy of AMTRAK's *Motion for Leave to Conduct Discovery* and the Court's *Order* denying the motion, are attached as Exhibit "B."

It is also important to note that trial in this case was originally scheduled to begin on September 19, 2005. At that time the plaintiff, who has (unlike the defendant) been represented by the same counsel since the beginning of this case in 2002, had not yet identified any expert liability witness. The first time Mr. Andres' name surfaced was nearly two (2) months later(in the November 7, 2005 letter). This was the first notice that AMTRAK ever received regarding the plaintiff's intention to use Mr. Andres. This letter was sent more than eleven (11) months after the Court's deadline. Therefore, the plaintiff should not be allowed to use Mr. Andres. This negates the necessity of a site inspection.

The plaintiff's request also does not comply with Fed. R. Civ. P. 26 (a)(2). Plaintiffs' counsel's November 7, 2005 letter stating that he intended to use Mr. Andres did not comply with the requirements of expert disclosure under Rule 26. Rule 26 requires a written report prepared and signed by the expert witness, the qualifications of the witness, a list of the witness'

publications, the compensation received by the witness and a list of testimony that the witness has given in the last four (4) years. Fed. R. Civ. P. (a)(2)(B). Pursuant to Fed. R. Civ. P. 26 (a)(2)(C), these disclosures shall be made in accordance with the Court's order. As discussed *supra*, the plaintiff has missed the Court's deadline for expert disclosure by nearly a full year. Moreover, Rule 26 (a)(2)(C) requires that expert disclosures shall be made at least ninety (90) days before the trial date.[1] The trial of this case is scheduled for January 23, 2006 and the plaintiff has therefore missed the ninety (90) day deadline imposed by the Rule. On these grounds as well, the plaintiff should be foreclosed from now identifying or using at trial, Mr. Andres.

In his *Motion*, the plaintiff states that he reserved his rights to use Mr. Andres by stating in his Answers to Interrogatories that he may use an "ergonomist." However, this disclosure never mentioned Mr. Andres, and does not comply with Rule 26; simply saying the word "ergonomist" neither complies with the applicable rules and orders, nor does it provide any substantive identification to the defendant. Most importantly, it clearly shows that the plaintiff was fully aware of his need to have an ergonomic expert, but inexcusably waited too long to retain and/or identify this witness. The plaintiff must now bear the consequences of his delay.

Perhaps most importantly, if the plaintiff is now allowed to identify Mr. Andres and he is allowed to do his site inspection and testify, the defendant will be seriously prejudiced. The defendant has to this point defended and analyzed this case without the involvement of an opposing liability expert. There is simply insufficient time to obtain and analyze Mr. Andres

1 Rule 26 imposes the obligation to disclose information regarding expert testimony sufficiently in advance of trial to give opposing parties a reasonable opportunity to prepare for cross examination and to depose theexpert. *See* 1993 Amendments to Fed. R. Civ. P. 26(a)(2), a copy of which is attached Exhibit 'C.

report, depose Mr. Andres and prepare for his testimony at trial.[2] The defendant would also be severely prejudiced if the Court allowed the plaintiff to use Mr. Andres because its' previous request to conduct discovery, including expert discovery, was denied.

**WHEREFORE**, for all of the above-stated reasons, the *Plaintiff's Motion to Compel Site Inspection* should be denied.

**REQUEST FOR HEARING**

In accordance with Local Rule 7.1(D), the defendant believes that oral argument, if necessary, may assist the Court and wishes to be heard and therefore requests that the Court schedule a hearing on this matter.

Respectfully submitted,
National Railroad Passenger Corporation,
By its attorneys,

John E. Young, BBO #654093
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500
(617) 773-5510 (facsimile)

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by hand/mail delivering same, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED 12/14/05

Dated: December 14, 2005

G:\F & A\CASE FILES\AMTRAK\occupational\DiBenedetto\pleadings\Opp to site inspection.doc

[2] Defendant's counsel is currently scheduled to begin a trial in New Jersey on January 9, 2006 which is expected to last at least ten (10) days. Also, between January 2 and January 23, 2006, defendant's counsel has five (5) depositions and five (5) court appearances scheduled.

# EXHIBIT A

Case 1:04-cv-10570-RCL Document 17 Filed 12/14/2005 Page 6 of 34

**United States District Court**
**District of Massachusetts (Boston)**
**CIVIL DOCKET FOR CASE #: 1:04-cv-10570-RCL**

DiBenedetto v. National Railroad Passenger Corporation
Assigned to: Judge Reginald C. Lindsay
Demand: $150,000
Cause: 45:51 Railways: Fed. Employer's Liability Act

Date Filed: 03/23/2004
Jury Demand: Both
Nature of Suit: 330 Federal Employer's Liability
Jurisdiction: Federal Question

**Plaintiff**

**Joseph DiBenedetto**

represented by **Michael J. McDevitt**
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210-2414
617-439-4990
Fax: 617-439-3987
Email: mmcdevitt@lawson-weitzen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**National Railroad Passenger Corporation**

represented by **John E. Young**
Flynn & Associates, PC
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
617-773-5500
Fax: 617-773-5510
Email: jyoung@flynnassoc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael B. Flynn**
Flynn & Associates, PC
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
617-773-5500
Fax: 617-773-5510
Email: mbflynn@flynnassoc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul J. Sahovey**
MBTA Law Department
Ten Park Plaza
Transportation Building
Boston, MA 02116
617-222-3189
Fax: 617-222-3194
*TERMINATED: 06/24/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2004 | 1 | COMPLAINT against National Railroad Passenger Corporation Filing fee: $ 150, receipt number 54760, filed by Joseph DiBenedetto.(Tebo, Susan) (Entered: 03/24/2004) |
| 03/23/2004 | | Summons Issued as to National Railroad Passenger Corporation. (Tebo, Susan) (Entered: 03/24/2004) |
| 03/23/2004 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Judith G. Dein. (Tebo, Susan) (Entered: 03/24/2004) |
| 03/29/2004 | 2 | SUMMONS Returned Executed National Railroad Passenger Corporation served on 3/29/2004, answer due 4/19/2004. (Smith3, Dianne) (Entered: 04/13/2004) |
| 04/16/2004 | 3 | ANSWER to Complaint with Jury Demand by National Railroad Passenger Corporation.(Stanhope, Don) (Entered: 04/21/2004) |
| 04/28/2004 | | ***Attorney Paul J. Sahovey for National Railroad Passenger Corporation added. (Hourihan, Lisa) (Entered: 04/28/2004) |
| 04/28/2004 | 4 | NOTICE of Scheduling Conference Scheduling Conference set for 6/3/2004 02:30 PM in Courtroom 11 before Judge Reginald C. Lindsay. (Hourihan, Lisa) (Entered: 04/28/2004) |
| 06/02/2004 | 5 | JOINT STATEMENT re scheduling conference. (Hourihan, Lisa) (Entered: 06/03/2004) |
| 06/02/2004 | 6 | Report of Parties' Planning Conference (Hourihan, Lisa) (Entered: 06/03/2004) |
| 06/03/2004 | | Electronic Clerk's Notes for proceedings held before Judge Reginald C. Lindsay : Scheduling Conference held on 6/3/2004. Automatic Disclosure due by 10/15/04. Amended Pleadings due by 7/2/2004.Fact Discovery due by 1/31/05. Plaintiff to disclose expert by 12/31/04. Defendant to disclose expert by 1/31/05. Discovery due by 2/27/2005. Joinder of Parties due by 7/2/2004. Motions due by 3/15/2005. (Court Reporter None Present.) (Hourihan, Lisa) (Entered: 06/08/2004) |
| 04/06/2005 | 7 | Judge Reginald C. Lindsay : ORDER entered. PROCEDURAL ORDER |

| | | |
|---|---|---|
| | | re pretrial/trial Final Pretrial Conference set for 6/9/2005 03:00 PM in Courtroom 11 before Judge Reginald C. Lindsay.(Hourihan, Lisa) (Entered: 04/06/2005) |
| 06/09/2005 | | Electronic Clerk's Notes for proceedings held before Judge Reginald C. Lindsay : Final Pretrial Conference held on 6/9/2005. Counsel report that they are not ready to proceed to pretrial. Court sets trial date for 9/19/05. Estimate 5-7 days. Counsel for the defendant to be substituted. No more discovery will be allowed in the case. Counsel may mediate the case but there will be not change in the trial date. (Court Reporter None Present.) (Hourihan, Lisa) (Entered: 06/09/2005) |
| 06/09/2005 | 8 | Judge Reginald C. Lindsay : ORDER entered. PROCEDURAL ORDER re pretrial/trial Final Pretrial Conference set for 9/1/2005 03:00 PM in Courtroom 11 before Judge Reginald C. Lindsay. Jury Trial set for 9/19/2005 09:00 AM in Courtroom 11 before Judge Reginald C. Lindsay. (Hourihan, Lisa) (Entered: 06/09/2005) |
| 06/22/2005 | 9 | NOTICE of Appearance by John E. Young on behalf of National Railroad Passenger Corporation (Young, John) (Entered: 06/22/2005) |
| 06/22/2005 | 10 | NOTICE of Appearance by Michael B. Flynn on behalf of National Railroad Passenger Corporation (Flynn, Michael) (Entered: 06/22/2005) |
| 06/24/2005 | 11 | NOTICE of Withdrawal of Appearance Attorney Paul J. Sahovey terminated. (Abaid, Kim) (Entered: 06/27/2005) |
| 07/12/2005 | 12 | MOTION for Discovery by National Railroad Passenger Corporation. (Young, John) (Entered: 07/12/2005) |
| 08/04/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered denying 12 Motion for Discovery and to Postpone the Trial (Hourihan, Lisa) (Entered: 08/04/2005) |
| 08/11/2005 | 13 | Emergency MOTION for Protective Order *--Assented To-- filed* by National Railroad Passenger Corporation.(Young, John) (Entered: 08/11/2005) |
| 08/22/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting 13 Motion for Protective Order (Hourihan, Lisa) (Entered: 08/22/2005) |
| 08/22/2005 | | Set/Reset Hearings: Jury Trial set for 1/23/2006 09:00 AM in Courtroom 11 before Judge Reginald C. Lindsay. Pretrial Conference set for 1/5/2006 03:00 PM in Courtroom 11 before Judge Reginald C. Lindsay. (Hourihan, Lisa) (Entered: 08/22/2005) |
| 11/17/2005 | 14 | MOTION for Leave to Appear Pro Hac Vice by Don P. Palermo by Joseph DiBenedetto. (Attachments: # 1 Supplement Cert, for Pro Hac Vice)(McDevitt, Michael) (Entered: 11/17/2005) |
| 11/17/2005 | 15 | Certificate of Good Standing re 14 MOTION for Leave to Appear Pro Hac Vice by Don P. Palermo by Joseph DiBenedetto. (McDevitt, Michael) (Entered: 11/17/2005) |
| | | |

| | | |
|---|---|---|
| 12/01/2005 | 16 | MOTION to Enter Premises by Joseph DiBenedetto.(McDevitt, Michael) (Entered: 12/01/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/13/2005 10:18:58 | | | |
| **PACER Login:** | fl0413 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-10570-RCL |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH J. DIBENEDETTO,
Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER CORPORATION,
Defendant.

CIVIL ACTION NO.: 04-10570-RCL

**NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR LEAVE TO CONDUCT DISCOVERY AND TO POSTPONE THE TRIAL DATE**

The defendant, National Railroad Passenger Corporation ("AMTRAK"), hereby moves this Honorable Court to allow AMTRAK to conduct limited discovery in this case and to postpone the current trial date of September 19, 2005. As grounds therefore, the defendant states as follows:

## I. FACTUAL BACKGROUND

On March 23, 2004, the plaintiff, Joseph DiBenedetto ("DiBenedetto") filed a *Complaint* against AMTRAK.[1] On April 16, 2004, Attorney Paul Sahovey, in-house counsel for the Massachusetts Bay Transportation Authority ("MBTA"), filed an answer and affirmative defenses on behalf of AMTRAK. AMTRAK has, up until recently, operated the commuter rail service in and around Boston pursuant to various agreements with the MBTA. *See* Affidavit of Rosa T. Richmond, a copy of which is attached as Exhibit "A." As such, many employees worked for both AMTRAK and the MBTA at various times. Id. The amount of service time of an injured employee determined which of the two entities would answer and defend against an

1 This case had previously been filed in the Philadelphia Court of Common Pleas in Pennsylvania. On October 1, 2003, this matter was dismissed from the Philadelphia Court of Common Pleas. The parties stipulated to a dismissal in light of the defendant's Motion to Dismiss for Forum Non Conveniens and agreed that the plaintiff had until March 25, 2004 to re-file his case in Massachusetts. In the Pennsylvania case, the defendant was represented by

injured employee's lawsuit. Id. The MBTA (Attorney Sahovey) appeared in this case for AMTRAK because it was originally (and erroneously) believed that the plaintiff had worked more for the MBTA than AMTRAK, thereby triggering the MBTA's obligation to defend. Id. Since answering the plaintiff's Complaint and taking over the defense of this litigation, the MBTA has conducted no discovery, except for serving written discovery. Notably, the plaintiff has not been deposed and no expert witnesses have been disclosed.

A pre-trial conference was held in this case on June 9, 2005, at which time the Court stated that no discovery will be allowed in this case and that counsel may mediate the case but there will not be a change in the trial date. Counsel for AMTRAK was substituted on June 22, 2005. AMTRAK respectfully requests that this Honorable Court allow substituted counsel the opportunity to conduct limited discovery and postpone the trial date.

## II. ARGUMENT

This Honorable Court should allow AMTRAK's *Motion For Leave To Conduct Discovery And To Postpone The Trial Date* as AMTRAK, for all intents and purposes, is a new party to this litigation. Exh. A. AMTRAK and the MBTA are separate and distinct entities with differing interests, but have had a long history of business relationships. Id. Up until very recently, AMTRAK operated the states' commuter rail service per various agreements with the MBTA. Id. As a result, employees for both AMTRAK and the MBTA performed services for both entities. Id. The amount of service an employee has performed for either entity determines which entity will appear and defend against claims and lawsuits that such injured employees file against them. Id. When the plaintiff's claim was originally filed, AMTRAK and the MBTA believed that the plaintiff was in service for the MBTA and as a result, counsel for the MBTA

appeared and defended against the plaintiff's claims. Id. The plaintiff has actually performed services for both AMTRAK and the MBTA. Id.

AMTRAK has since discovered that the plaintiff served as an AMTRAK employee for a longer period of time than he did for the MBTA and as a result, AMTRAK is now the entity defending this matter. Exh. A. As a result, counsel for AMTRAK was substituted on June 22, 2005. Although named as the original defendant, for all intents and purposes the defendant AMTRAK is a new party to this litigation and should be allowed the opportunity to conduct limited discovery.

As an entity distinctly separate from the MBTA, AMTRAK utilizes its own litigation strategy and processes for defending claims. More importantly, AMTRAK's interests are different from that of the MBTA and it should be afforded an opportunity to adequately protect these interests. In light of these circumstances, it is necessary for AMTRAK to conduct limited discovery. Specifically, AMTRAK wishes to serve interrogatories and requests for documents upon the plaintiff, depose the plaintiff and any material or expert witnesses that the plaintiff may designate and prepare its own expert disclosures. It is worthy to note that Attorney Sahovey served interrogatories and requests for production of documents upon the plaintiff on April 14, 2004 but the plaintiff has never responded. A copy of these discovery requests are attached hereto as Exhibit "B."

It is apparent from the record that very little discovery has been conducted in this matter. However, it would be unfair and unjust to subject a new party such as AMTRAK to the Court's previous pre-trial order without an adequate opportunity to prepare for trial.

## III. CONCLUSION

The defendant AMTRAK hereby moves this Honorable Court to allow it to conduct limited discovery in this matter and to postpone the trial date. AMTRAK has not been afforded the opportunity to conduct discovery in this matter and without such opportunity, AMTRAK's interests would be irreversibly prejudiced at mediation and/or trial. In the interests of justice, AMTRAK should be afforded the opportunity to conduct limited discovery in this matter in order to be able to adequately prepare for trial.

**WHEREFORE**, for all of the above-stated reasons, *National Railroad Passenger Corporation's Motion For Leave To Conduct Discovery And To Postpone The Trial Date* should be allowed.

## REQUEST FOR HEARING

In accordance with Local Rule 7.1(D), the defendant believes that oral argument, if necessary, may assist the Court and wishes to be heard and therefore requests that the Court schedule a hearing on its *Motion*.

Respectfully submitted,
National Railroad Passenger Corporation,
By its attorneys,

John E. Young, BBO #654093
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500
(617) 773-5510 (facsimile)

**CERTIFICATION**

In accordance with L. R. 7.1, I, John E. Young, Esq., certify that I have attempted, unsuccessfully, to confer with counsel for the plaintiff, Thomas Joyce, Esq., in order to resolve or narrow the issues in *National Railroad Passenger Corporation's Motion For Leave To Conduct Discovery And To Postpone The Trial Date*. *See* Affidavit of John E. Young, Esq., a copy of which is attached hereto as Exhibit "C."

John E. Young, Esq.

Dated: July 12, 2005

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH J. DIBENEDETTO,
Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER CORPORATION,
Defendants.

CIVIL ACTION NO.: 04-10570-RCL

**AFFIDAVIT OF ROSA T. RICHMOND**

I, Rosa T. Richmond, do hereby swear and depose as follows:

1. I am a Senior Claims Agent employed by AMTRAK;

2. AMTRAK and the MBTA are separate and distinct entities but have a history of business relationships including AMTRAK's operation of the Commonwealth's commuter rail service;

3. The plaintiff has performed services for both AMTRAK and the MBTA;

4. The amount of service performed for either entity often determines which entity will appear and defend against the plaintiff's claims;

5. When the plaintiff's claim was filed, it was originally believed that the plaintiff was in service for the MBTA and as a result, the MBTA appeared and defended against the plaintiff's claims;

6. It has come to the attention of AMTRAK that the plaintiff served as an AMTRAK employee for a longer period of time than he did for the MBTA and as a result, AMTRAK is now the entity defending this matter.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 27 DAY OF, JUNE 2005.

Rosa T. Richmond

Rosa T. Richmond

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10570RCL

JOSEPH J. DIBENEDETTO,
27 Western Avenue
Wakefield, MA 01880
Plaintiff

vs.

NATIONAL RAILROAD
PASSENGER CORPORATION
253 Summer Street
Boston, MA 02210
Defendant

DEFENDANT AMTRAK'S FIRST SET OF INTERROGATORIES TO PLAINTIFF, JOSEPH J. DIBENEDETTO

The Defendant, National Railroad Passenger Corporation d/b/a Amtrak, by its attorney, submits the following Interrogatories to be answered under oath by Plaintiff in accordance with Rule 33 of the Federal Rules of Civil Procedure.

1. Please state your full name, age, home address, occupation, social security number, marital status, educational background and initial date of employment with Amtrak.

2. Please state the exact date, time and location where the alleged accident occurred, number of the passenger coach involved and the location on the coach where the accident(s) as alleged in your Complaint occurred.

3. Please describe in full and complete detail the manner in which the accident(s) as alleged in your Complaint occurred, setting forth in chronological order all relevant facts and all events which occurred prior to, at the time of and subsequent to the alleged accident.

4.   Please state the full name and title of your immediate
     supervisor at the time of the accident(s) as alleged in
     your Complaint.

5.   If you claim your injuries were caused by a dangerous or
     defective condition at any commuter rail station, commuter
     rail facility, a particular coach, or the general condition
     of the premises where you were working, please describe
     with particularity the alleged dangerous condition(s) or
     defect(s) which caused the alleged accident, giving an
     exact description with dimensions and other physical
     characteristics of the dangerous or defective condition, or
     of any materials on the premises which caused or
     contributed to cause the alleged accident.

     a.   Please set forth the number, or other identifying
          character of any materials, tools or appliances, the
          present location of same and the name and address of
          the owner of same, to the best of your knowledge.

     b.   Set forth all of your observations of the condition of
          the location of the alleged accident immediately
          before said accident, during and immediately after.

     c.   If the plaintiff claims the alleged accident resulted
          from the presence of any equipment, tools or materials
          not generally in the said area, please state your
          reasons for using said equipment, tools or materials
          on the date of the alleged accident and the work you
          were performing immediately prior to the alleged
          accident.

6.   Please state in full and complete detail each and every
     fact upon which you rely in alleging that the defendant,
     its agents, servants and/or employees, were negligent and
     failed to provide a safe place in which to work.

7.   Please state the names, addresses and relationship to you
     of any persons having knowledge of the facts alleged in
     your Complaint, detailing the specific facts of which said
     persons have knowledge.

8.   Please describe in full and complete detail all of the
     injuries you claim to have suffered as a result of the
     alleged accident in the Complaint and for which you seek to
     recover damages in this action.   Please state the specific

[illegible]

dates of disability and specific amounts of lost wages, if any.

9. If, as a result of the injuries you received in the accident as alleged in your Complaint, you were treated at a hospital or clinic, please state:

a. The name and address of each such hospital or clinic (including in-patient and out-patient treatment);
b. The dates between which you were confined to each such hospital or clinic; and
c. The dates of any and all out-patient treatments at each such hospital or clinic.

10. If, as a result of the injuries you received in the accident as alleged in your Complaint, you consulted a doctor, please state:

a. The name and address of each such doctor;
b. The dates of treatment by each such doctor;
c. A full description of the treatment rendered by each such doctor on each date of treatment;
d. The place of each treatment by each such doctor; and
e. Also state if you are still treating with said doctor(s).

11. If, in addition to the treatment referred to in the preceding interrogatory, you have received other medical or nursing attention as the result of the injuries you received in the accident as alleged in your Complaint, please give full details.

12. If you were confined to bed as the result of the accident as alleged in your Complaint, please state as nearly as you can the dates between which you were so confined.

13. If you were confined to the house as a result of the accident as alleged in your Complaint, please state as nearly as possible the dates between which you were so confined.

14. Please itemize all expenses you have incurred, or which have been incurred on your behalf, to date as a result of the injuries you received in the accident as alleged in your Complaint.

15. If you have recovered from the injuries you sustained as a result of the accident as alleged in your Complaint, please state the approximate date when you were fully recovered.

16. If you have not recovered from the injuries you sustained as a result of the accident as alleged in your Complaint please state your present condition in detail, designating the parts of your body presently affected and the respect in which affected.

17. State the specific dates you did not work and which you consider was due to the injuries which you allege to have sustained as a result of the accident as alleged in your Complaint.

18. Please describe fully any accidents, illness, diseases or operations which have occurred to you, indicating the approximate dates of same:

a. During the three years before your accident as alleged in your Complaint;
b. During the period three to five years before your accident as alleged in the Complaint; and
c. During the period of five to ten years before your accident as alleged in your Complaint.

19. If, subsequent to the date of your alleged accident, your physical condition was affected by illness, operations, injuries or accidents other than the injuries for which you claim damages in this action, please state full details, including the date, location, parties and circumstances surrounding said occurrence, if any, the injuries sustained and the names and addresses of the doctor(s) treating you for said injuries.

20. State the identity of and present location, if known, of all persons having knowledge of relevant facts concerning the matters and issues in this case. If not known, the last known address or location of said person(s). Please include in your answer any employees of the defendant.

21. Please state all persons or firms by whom you have been employed during the past ten years, indicating the approximate dates of employment with each.

22. Please state the nature of your duties in each period of employment listed in your answer to the preceding interrogatory.

23. If you have ever been self-employed, please describe each period of self-employment by indicating the approximate dates, the nature of the work, and your approximate monthly earnings during each such employment.

24. If you know of any witnesses to the accident as alleged in your Complaint, please set forth the full name and address of each such witness and to the extent possible, what they know, observed and/or did in relation to the accident as alleged in your Complaint.

25. Identify each person whom Plaintiff intends to call as a witness at trial.

26. Identify each document upon which Plaintiff intends to rely at trial.

27. Identify each person whom Plaintiff intends to call as an expert witness and for each expert witness:

    a. State the substance of the opinion to which the witness is expected to testify; and

    b. Provide a summary for the grounds for each such opinion.

NATIONAL RAILROAD
PASSENGER CORPORATION,
By its attorney,

Paul J. Sahovey
c/o MBTA Law Department
Ten Park Plaza
Boston, MA  02116
(617)222-3189
BBO #437900

Dated:    April 14, 2004

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10570 RCL

JOSEPH J. DIBENEDETTO
27 Western Avenue
Wakefield, MA 01880
Plaintiff

vs.

NATIONAL RAILROAD
PASSENGER CORPORATION
253 Summer Street
Boston, MA 02210
Defendant

REQUEST FOR PRODUCTION
OF DOCUMENTS TO PLAINTIFF
JOSEPH J. DIBENEDETTO

The Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak") by its attorney, submits the following Request for Production of Documents to be answered by the Plaintiff.

The Defendant, National Railroad Passenger Corporation ("Amtrak") in the above-entitled action, pursuant to Rule 34 of the Rules of Civil Procedure, requests that the Plaintiff's attorney produce all documents and things set forth below which are in their possession, custody or control for inspection and/or copying.

The said documents and things are to be produced at the offices of the attorney for the Defendant, Paul J. Sahovey, MBTA Law Department, Ten Park Plaza, Seventh Floor, Boston, Massachusetts 02116, in or within thirty days from the date hereof unless some other time and place are mutually agreed upon by the parties or unless the 30-day period is enlarged. Said request is to include documents and things involving all incidents and/or accidents as alleged in Plaintiff's Complaint.

This demand is to include all after-acquired documents and things. The Plaintiff is, therefore, requested to supplement the production of documents and things by forwarding copies to the Defendant Amtrak or putting the Defendant on notice as to any newly acquired material.

**REQUESTS**

1. Copies of all signed and/or unsigned statements or statements recorded by mechanical and/or electronic means, made by the Plaintiff's representative to Defendant Amtrak, and/or insurance companies, which relate to the incident(s) referred to in the Complaint and which are in the possession, custody or control or available to the plaintiff.

2. Copies of all signed and/or unsigned statements or statements recorded by mechanical and/or electronic means, made by any witnesses to the alleged accident(s), directly or indirectly, which are in the possession, custody or control of the Plaintiff or subject to his/her control.

3. The names and addresses of all persons known to the Plaintiff who were witnesses, either directly or indirectly, to the accident(s) as alleged in your Complaint.

4. Photographs or sketches, plans or diagrams, or copies thereof, of the scene of the accident(s) as alleged in your Complaint, the condition of the engine room of the locomotive and/or equipment involved in the accident together with any and all photographs which the Plaintiff intends to offer in evidence at the time of trial.

5. Any and all work and wage records, including hourly rate of pay, for a period of ten (10) years prior to the date of each accident(s) as alleged in your Complaint.

6. Any accident reports or other reports, either oral or in writing, filed either by the Plaintiff or on the Plaintiff's behalf by his attorney(s) or otherwise for the accident(s) as alleged in your Complaint.

7. All medical, hospital or other reports, either written or oral, involving injuries or damages as alleged to have been suffered by the Plaintiff as a result of the accident(s) as alleged in your Complaint; also, any and all bills,

insurance company receipts of payment, together with all canceled checks, evidence of payment and/or cash receipts evidencing payment.

8.  All medical, hospital, or other reports, either written or oral, involving injury to Plaintiff for a period of three years prior to the date of the accident(s) as alleged in your Complaint and also any and all bills, insurance company reports of payment together with all canceled checks, evidence of payment and/or cash receipts evidencing payment.

9.  Copies of all state and federal income tax records and returns which the Plaintiff filed with the federal government, Commonwealth of Massachusetts and county of residence for a period of five (5) years prior to the date of the accident(s) as alleged in your Complaint.

10. Copies of all reports of all expert witnesses in the possession or custody of the Plaintiff or subject to plaintiff's control.

11. Copies of all documentary evidence to be used by the plaintiff at the trial of this action including but not limited to public records, if any.

12. Copies of any and all plans, diagrams or drawings of the area of the locomotive, engine room, commuter rail station, commuter rail facility, a particular coach, or the general area of the premises where you were working at the time of the accident(s) as alleged in your Complaint.

NATIONAL RAILROAD
PASSENGER CORPORATION,
By its attorney,

Paul J. Sahovey
c/o MBTA Law Department
Ten Park Plaza
Boston, MA  02116
(617)222-3189
BBO #437900

Dated:    April 14, 2004

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH J. DIBENEDETTO,
Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER CORPORATION,
Defendant.

CIVIL ACTION NO.: 04-10570-RCL

**AFFIDAVIT OF JOHN E. YOUNG, ESQ.**

I, John E. Young, Esq., do hereby swear and depose as follows:

1. I am an attorney duly admitted to practice law in the Commonwealth of Massachusetts and I represent the defendant in the above-entitled matter;

2. On July 6, 2005, I contacted Attorney Michael McDevitt, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Boston, MA 02210, counsel who has appeared on behalf of the plaintiff, to discuss the issues raised in *National Railroad Passenger Corporation's Motion For Leave To Conduct Discovery And To Postpone The Trial Date*;

3. Attorney McDevitt stated that he is local counsel on this case and that I needed to speak with Attorney Thomas Joyce, 150 S. Independence Mall West, Philadelphia, PA 19106 in regards to this matter;

4. I called Attorney Joyce and left him a voice mail message on July 6, 2005;

5. I faxed Attorney Joyce a letter on July 7, 2005 requesting that he contact me to discuss this matter;

6. I called Attorney Joyce on July 11, 2005 and left a message with his assistant explaining my request to confer on this matter;

7. I have not heard from Attorney Joyce to date.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 12th DAY OF, JULY 2005.

John E. Young, Esq.

**John Young**

**From:** ECFnotice@mad.uscourts.gov

**Sent:** Thursday, August 04, 2005 8:02 AM

**To:** CourtCopy@mad.uscourts.gov

**Subject:** Activity in Case 1:04-cv-10570-RCL DiBenedetto v. National Railroad Passenger Corporation "Order on Motion for Discovery"

*****NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**United States District Court**

**District of Massachusetts**

Notice of Electronic Filing

The following transaction was received from Hourihan, Lisa entered on 8/4/2005 at 8:01 AM EDT and filed on 8/4/2005

**Case Name:** DiBenedetto v. National Railroad Passenger Corporation
**Case Number:** 1:04-cv-10570
**Filer:**
**Document Number:**

**Docket Text:**
Judge Reginald C. Lindsay : Electronic ORDER entered denying [12] Motion for Discovery and to Postpone the Trial (Hourihan, Lisa)

The following document(s) are associated with this transaction:

**1:04-cv-10570 Notice will be electronically mailed to:**

Michael B. Flynn mbflynn@flynnassoc.com

Michael J. McDevitt mmcdevitt@lawson-weitzen.com, amazzarella@lawson-weitzen.com

John E. Young jyoung@flynnassoc.com

**1:04-cv-10570 Notice will not be electronically mailed to:**

# EXHIBIT C

Because of the asserted reluctance to impose sanctions on attorneys who abuse the discovery rules, see Brazil, *Civil Discovery: Lawyers' Views of its Effectiveness, Principal Problems and Abuses,* American Bar Foundation (1980); Ellington, *A Study of Sanctions for Discovery Abuse,* Department of Justice (1979), Rule 26(g) makes explicit the authority judges now have to impose appropriate sanctions and requires them to use it. This authority derives from Rule 37, 28 U.S.C. § 1927, and the court's inherent power. See *Roadway Express, Inc. v. Piper,* 447 U.S. 752 (1980); *Martin v. Bell Helicopter Co.,* 85 F.R.D. 654, 661–62 (D.Col. 1980); Note, *Sanctions Imposed by Courts on Attorneys Who Abuse the Judicial Process,* 44 U.Chi.L.Rev. 619 (1977). The new rule mandates that sanctions be imposed on attorneys who fail to meet the standards established in the first portion of Rule 26(g). The nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances. The court may take into account any failure by the party seeking sanctions to invoke protection under Rule 26(c) at an early stage in the litigation.

The sanctioning process must comport with due process requirements. The kind of notice and hearing required will depend on the facts of the case and the severity of the sanction being considered. To prevent the proliferation of the sanction procedure and to avoid multiple hearings, discovery in any sanction proceeding normally should be permitted only when it is clearly required by the interests of justice. In most cases the court will be aware of the circumstances and only a brief hearing should be necessary.

**1987 Amendment**

The amendments are technical. No substantive change is intended.

**1993 Amendments**

**Subdivision (a).** Through the addition of paragraphs (1)–(4), this subdivision imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement. The rule requires all parties (1) early in the case to exchange information regarding potential witnesses, documentary evidence, damages, and insurance, (2) at an appropriate time during the discovery period to identify expert witnesses and provide a detailed written statement of the testimony that may be offered at trial through specially retained experts, and (3) as the trial date approaches to identify the particular evidence that may be offered at trial. The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request. Nor are parties precluded from using traditional discovery methods to obtain further information regarding these matters, as for example asking an expert during a deposition about testimony given in other litigation beyond the four-year period specified in Rule 26(a)(2)(B).

A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and the rule should be applied in a manner to achieve those objectives. The concepts of imposing a duty of disclosure were set forth in Brazil, *The Adversary Character of Civil Discovery: A Critique and Proposals for Change,* 31 *Vand. L.Rev.* 1348 (1978), and Schwarzer, *The Federal Rules, the Adversary Process, and Discovery Reform,* 50 *U.Pitt.L.Rev. 703, 721–23 (1989).*

The rule is based upon the experience of district courts that have required disclosure of some of this information through local rules, court-approved standard interrogatories, and standing orders. Most have required pretrial disclosure of the kind of information described in Rule 26(a)(3). Many have required written reports from experts containing information like that specified in Rule 26(a)(2)(B). While far more limited, the experience of the few state and federal courts that have required pre-discovery exchange of core information such as is contemplated in Rule 26(a)(1) indicates that savings in time and expense can be achieved, particularly if the litigants meet and discuss the issues in the case as a predicate for this exchange and if a judge supports the process, as by using the results to guide further proceedings in the case. Courts in Canada and the United Kingdom have for many years required disclosure of certain information without awaiting a request from an adversary.

**Paragraph (1).** As the functional equivalent of court-ordered interrogatories, this paragraph requires early disclosure, without need for any request, of four types of information that have been customarily secured early in litigation through formal discovery. The introductory clause permits the court, by local rule, to exempt all or particular types of cases from these disclosure requirement *[sic]* or to modify the nature of the information to be disclosed. It is expected that courts would, for example, exempt cases like Social Security reviews and government collection cases in which discovery would not be appropriate or would be unlikely. By order the court may eliminate or modify the disclosure requirements in a particular case, and similarly the parties, unless precluded by order or local rule, can stipulate to elimination or modification of the requirements for that case. The disclosure obligations specified in paragraph (1) will not be appropriate for all cases, and it is expected that changes in these obligations will be made by the court or parties when the circumstances warrant.

Authorization of these local variations is, in large measure, included in order to accommodate the Civil Justice Reform Act of 1990, which implicitly directs districts to experiment during the study period with differing procedures to reduce the time and expense of civil litigation. The civil justice delay and expense reduction plans adopted by the courts under the Act differ as to the type, form, and timing of disclosures required. Section 105(c)(1) of the Act calls for a report by the Judicial Conference to Congress by December 31, 1995, comparing experience in twenty of these courts; and section 105(c)(2)(B) contemplates that some changes in the Rules may then be needed. While these studies may indicate the desirability of further changes in Rule 26(a)(1), these changes probably could not become effective before December 1998 at the earliest. In the meantime, the present revision puts in place a series of disclosure obligations that, unless a court acts affirmatively to impose other requirements or indeed to reject all such requirements for the present, are designed to eliminate certain discovery, help focus the discovery that is needed, and facilitate preparation for trial or settlement.

Subparagraph (A) requires identification of all persons who, based on the investigation conducted thus far, are likely

to have discoverable information relevant to the factual disputes between the parties. All persons with such information should be disclosed, whether or not their testimony will be supportive of the position of the disclosing party. As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties. Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed.

Subparagraph (B) is included as a substitute for the inquiries routinely made about the existence and location of documents and other tangible things in the possession, custody, or control of the disclosing party. Although, unlike subdivision (a)(3)(C), an itemized listing of each exhibit is not required, the disclosure should describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records, including computerized data and other electronically-recorded information, sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests. As with potential witnesses, the requirement for disclosure of documents applies to all potentially relevant items then known to the party, whether or not supportive of its contentions in the case.

Unlike subparagraphs (C) and (D), subparagraph (B) does not require production of any documents. Of course, in cases involving few documents a disclosing party may prefer to provide copies of the documents rather than describe them, and the rule is written to afford this option to the disclosing party. If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests. The disclosing party does not, by describing documents under subparagraph (B), waive its right to object to production on the basis of privilege or work product protection, or to assert that the documents are not sufficiently relevant to justify the burden or expense of production.

The initial disclosure requirements of subparagraphs (A) and (B) are limited to identification of potential evidence "relevant to disputed facts alleged with particularity in the pleadings." There is no need for a party to identify potential evidence with respect to allegations that are admitted. Broad, vague, and conclusory allegations sometimes tolerated in notice pleading—for example, the assertion that a product with many component parts is defective in some unspecified manner—should not impose upon responding parties the obligation at that point to search for and identify all persons possibly involved in, or all documents affecting, the design, manufacture, and assembly of the product. The greater the specificity and clarity of the allegations in the pleadings, the more complete should be the listing of potential witnesses and types of documentary evidence. Although paragraphs (1)(A) and (1)(B) by their terms refer to the factual disputes defined in the pleadings, the rule contemplates that these issues would be informally refined and clarified during the meeting of the parties under subdivision (f) and that the disclosure obligations would be adjusted in the light of these discussions. The disclosure requirements should, in short, be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations.

Subparagraph (C) imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production under Rule 34. A party claiming damages or other monetary relief must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such materials had been made under Rule 34. This obligation applies only with respect to documents then reasonably available to it and not privileged or protected as work product. Likewise, a party would not be expected to provide a calculation of damages which, as in many patent infringement actions, depends on information in the possession of another party or person.

Subparagraph (D) replaces subdivision (b)(2) of Rule 26, and provides that liability insurance policies be made available for inspection and copying. The last two sentences of that subdivision have been omitted as unnecessary, not to signify any change of law. The disclosure of insurance information does not thereby render such information admissible in evidence. See Rule 411, Federal Rules of Evidence. Nor does subparagraph (D) require disclosure of applications for insurance, though in particular cases such information may be discoverable in accordance with revised subdivision (a)(5).

Unless the court directs a different time, the disclosures required by subdivision (a)(1) are to be made at or within 10 days after the meeting of the parties under subdivision (f). One of the purposes of this meeting is to refine the factual disputes with respect to which disclosures should be made under paragraphs (1)(A) and (1)(B), particularly if an answer has not been filed by a defendant, or, indeed, to afford the parties an opportunity to modify by stipulation the timing or scope of these obligations. The time of this meeting is generally left to the parties provided it is held at least 14 days before a scheduling conference is held or before a scheduling order is due under Rule 16(b). In cases in which no scheduling conference is held, this will mean that the meeting must ordinarily be held within 75 days after a defendant has first appeared in the case and hence that the initial disclosures would be due no later than 85 days after the first appearance of a defendant.

Before making its disclosures, a party has the obligation under subdivision (g)(1) to make a reasonable inquiry into the facts of the case. The rule does not demand an exhaustive investigation at this stage of the case, but one that is reasonable under the circumstances, focusing on the facts that are alleged with particularity in the pleadings. The type of investigation that can be expected at this point will vary based upon such factors as the number and complexity of the issues; the location, nature, number, and availability of potentially relevant witnesses and documents; the extent of past working relationships between the attorney and the client, particularly in handling related or similar litigation; and of course how long the party has to conduct an investigation, either before or after filing of the case. As provided in the last sentence of subdivision (a)(1), a party is not excused from the duty of disclosure merely because its investigation

is incomplete. The party should make its initial disclosures based on the pleadings and the information then reasonably available to it. As its investigation continues and as the issues in the pleadings are clarified, it should supplement its disclosures as required by subdivision (e)(1). A party is not relieved from its obligation of disclosure merely because another party has not made its disclosures or has made an inadequate disclosure.

It will often be desirable, particularly if the claims made in the complaint are broadly stated, for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint or had time to conduct other than a cursory investigation. In such circumstances, in order to facilitate more meaningful and useful initial disclosures, they can and should stipulate to a period of more than 10 days after the meeting in which to make these disclosures, at least for defendants who had no advance notice of the potential litigation. A stipulation at an early meeting affording such a defendant at least 60 days after receiving the complaint in which to make its disclosures under subdivision (a)(1)—a period that is two weeks longer than the time formerly specified for responding to interrogatories served with a complaint—should be adequate and appropriate in most cases.

**Paragraph (2).** This paragraph imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses. Normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b), and in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue. In the absence of such a direction, the disclosures are to be made by all parties at least 90 days before the trial date or the date by which the case is to be ready for trial, except that an additional 30 days is allowed (unless the court specifies another time) for disclosure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert. For a discussion of procedures that have been used to enhance the reliability of expert testimony, see M. Graham, *Expert Witness Testimony and the Federal Rules of Evidence: Insuring Adequate Assurance of Trustworthiness*, 1986 U.Ill.L.Rev. 90.

Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony, must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed. Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.

The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Revised subdivision (b)(4)(A) authorizes the deposition of expert witnesses. Since depositions of experts required to prepare a written report may be taken only after the report has been served, the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition. Revised subdivision (e)(1) requires disclosure of any material changes made in the opinions of an expert from whom a report is required, whether the changes are in the written report or in testimony given at a deposition.

For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular experts or imposed upon additional persons who will provide opinions under Rule 702.

**Paragraph (3).** This paragraph imposes an additional duty to disclose, without any request, information customarily needed in final preparation for trial. These disclosures are to be made in accordance with schedules adopted by the court under Rule 16(b) or by special order. If no such schedule is directed by the court, the disclosures are to be made at least 30 days before commencement of the trial. By its terms, rule 26(a)(3) does not require disclosure of evidence to be used solely for impeachment purposes; however, disclosure of such evidence—as well as other items relating to conduct of trial—may be required by local rule or a pretrial order.

Subparagraph (A) requires the parties to designate the persons whose testimony they may present as substantive evidence at trial, whether in person or by deposition. Those who will probably be called as witnesses should be listed separately from those who are not likely to be called but who are being listed in order to preserve the right to do so if needed because of developments during trial. Revised Rule 37(c)(1) provides that only persons so listed may be used at trial to present substantive evidence. This restriction does not apply unless the omission was "without substantial justification" and hence would not bar an unlisted witness if the need for such testimony is based upon developments during