UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH J. DIBENEDETTO,
        Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER
CORPORATION,
        Defendant.

CIVIL ACTION NO.:  04-10570-RCL

## NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM OFFERING ANY EVIDENCE ON THE ISSUE OF CAUSATION

The defendant National Railroad Passenger Corporation ("AMTRAK") moves in limine to exclude any evidence of the cause of the plaintiff's injuries at the trial of this matter on the grounds that: (1) expert testimony is necessary to prove causation; (2) no expert witnesses were identified or disclosed in a timely fashion, or in compliance with Fed. R. Civ. P. 26's disclosure requirements; and (3) any expected expert opinions do not meet the requirements of Fed. R. Evid. 702 and the standards established by the Supreme Court in Daubert v. Merrill-Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  As further grounds, the defendant states as follows:

In his *Complaint*, the plaintiff alleged that he suffered carpal tunnel syndrome as a result of repetitive trauma associated with his work activities while employed by AMTRAK.  A copy of the plaintiff's *Complaint* is attached as Exhibit "A."  The plaintiff claims that the everyday activities of his job (primarily the use of a hammer) exposed him to "occupational risk factors for carpal tunnel syndrome, including but not limited to repetition, force, vibration and awkward wrist posture" and resistive motions of the hand and wrist which have led to his injuries.  Exh. A at ¶8.  He also claims that his injuries were caused by the defendant's "failure to provide a timely and adequate ergonomic program designed to prevent occupational carpal tunnel syndrome."  Id.

at ¶9(b).

In cases such as this, involving complex medical and liability issues, where the causal connection is not obvious to a layman, "such as a broken leg from being struck by an automobile," expert testimony is required. Schmaltz v. Norfolk & Western Ry., 896 F. Supp. 180 (N.D.Ill. 1995) *quoting* Moody v. Maine Central Railroad Co., 823 F. 2d 693, 695 (1st Cir. 1987); *see also* Claar v. Burlington Northern Railroad Co., 29 F.3d 499, 503 (9th Cir. 1994) ("where special expertise is necessary to draw a causal inference, expert testimony is necessary."); 4 F. Harper, F. James, O. Gray, The Law of Torts, 269. Expert testimony is also necessary to prove that the defendant's ergonomic program was inadequate, that the plaintiff's tools were defective and that these deficiencies somehow caused the plaintiff's arthritis.

In order to recover in this case, the plaintiff must present some evidence that his alleged arthritis was caused by the defendant's negligence. For the reasons advanced in the defendant's *Motion In Limine To Preclude The Testimony Of The Plaintiff's "Expert" Witnesses*, which is referred to and specifically incorporated herein by this reference, the plaintiff does not have an expert to testify that his injuries were caused by the defendant's negligence or that the tools, workplace activities or "ergonomic" program caused his injuries. As expert testimony is required on the issue of causation, any lay witness called to testify in this case, including the plaintiff, must be precluded from testifying about the cause of the plaintiff's injuries or about any other issues which would normally require expert testimony (such as the condition of the plaintiff's tools and the defendant's "ergonomic" program).

To date, the plaintiff has failed to identify any expert witness to testify that the plaintiff's injuries were caused by his employment with AMTRAK or AMTRAK's negligence. The

2

plaintiff has failed to identify his treating physician, Dr. Jesse Jupiter ("Dr. Jupiter"), as an

expert witness and has failed to provide any of the disclosures required by Rule 26 with any

opinion testimony which he expects to elicit from Dr. Jupiter. He has done the same with respect

to his proposed liability expert, Robert Andres, M.D. As the deadline to identify experts and

conduct expert discovery has long since passed, the plaintiff is now precluded from offering any

witness to testify about the cause of the plaintiff's injuries. The plaintiff has failed to

demonstrate that any of his alleged injuries were caused by his employment with AMTRAK and

therefore, any evidence regarding the cause of his alleged injuries should be excluded.

In addition, even if the plaintiff's experts had been timely and adequately disclosed, their

opinions are never the less inadmissible because they fail to meet the requirements of Fed. R.

Evid. 702 and Daubert v. Merrill-Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). More

specifically, any expert opinion that the plaintiff's arthritis was caused by his work-related

activities is not reliable and therefore inadmissible. It is the defendants' position that any opinion

that so-called "repetitive stress" injuries can be caused by any occupational task is inadmissible

since this relationship is neither generally accepted in the relevant medical community nor is any

opinion on this issue based on reliable scientific methodology. Furthermore, the plaintiff's

expert's opinions are based neither on "sufficient facts or data" nor principles and methods which

have been applied reliably to this case. Courts have consistently excluded experts in repetitive

stress cases where their opinions are not based on sufficient facts or data due to the expert's

failure to adequately investigate the plaintiff's actual work history, personal risk factors and

potential other causes. For a more detailed discussion on this issue, AMTRAK refers to and

specifically incorporates herein by this reference, its *Motion In Limine To Preclude The*

3

*Testimony Of The Plaintiff's Expert Witnesses*, which was also filed today.

**WHEREFORE**, for the above entitled reasons, because the plaintiff has no reasonable

likelihood of proving causation at trial, any evidence of causation should be excluded.

Respectfully submitted,
National Railroad Passenger Corporation,
By its attorneys,

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing
pleading on all parties by hand/mail delivering same, to
all counsel of record.
Signed under the pains and penalties of perjury.

**DATED**        12/30/05

_____
Michael B. Flynn, BBO #559023
John E. Young, BBO #654093
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500
(617) 773-5510 (facsimile)

DATED:  December 30, 2005

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**Boston Division**

| | | |
|---|---|---|
| JOSEPH J. DIBENEDETTO | : | |
| 27 Western Avenue | : | |
| Wakefield, MA 01880 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | **JURY TRIAL DEMANDED** |
| NATIONAL RAILROAD | : | |
| PASSENGER CORPORATION | : | |
| 253 Summer Street | : | |
| Boston, MA 02210 | : | |
| | : | |
| Defendant | : | NO. |

04 10570 RCL

MAGISTRATE JUDGE _____

RECEIPT # __5⅄/60__
AMOUNT $ _____ __150__
SUMMONS ISSUED _yes_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK __To.m__
DATE _____

## CIVIL ACTION

1.    The Plaintiff, Joseph DiBenedetto, is a competent adult individual residing at

27 Western Avenue, Wakefield, Massachusetts 01880.

2.    The Defendant, National Railroad Passenger Corporation is a corporation

organized and existing under the laws of the District of Columbia, doing business at and

whose address for service of process is 253 Summer Street, Boston, Massachusetts 02210.

3.    This suit is brought pursuant to an Act of Congress known as the Federal

Employers' Liability Act (F.E.L.A.), 45 U.S.C. §§51-60; the Federal Safety Appliance Acts,

45 U.S.C.§§1-16; and the Boiler Inspection Acts, 45 U.S.C.§§22-34.

4.    At all times material hereto, the Defendant, National Railroad Passenger

Corporation, was engaged in interstate commerce as a common carrier by railroad operating

a line and system of railroads in the State of Massachusetts and other states of the United

States.

5.    At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff was done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6.    At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the scope of his employment by Defendant and was engaged in the furtherance of interstate commerce within the meaning of the F.E.L.A.

7.    All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8.    The Plaintiff has been employed by the Defendant from July 14, 1976 through and including the present as a carman, and, while working within the scope of his employment in and around Boston, Massachusetts, was exposed to occupational risk factors for carpal tunnel syndrome, including but not limited to repetition, force, vibration and awkward wrist posture.

9.    Plaintiff's injuries were caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

　　　　　　a)    failure to provide the plaintiff with a safe place to work as required by the Federal Employers' Liability Act, 45 U.S.C. §§51-60; the Federal Safety Appliance 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

- 2 -

b)  failure to provide a timely and adequate ergonomic program designed to prevent occupational carpal tunnel syndrome;

c)  failure to comply with safety and operating rules and regulations of the Defendant;

d)  forcing the Plaintiff to work under hurried and/or awkward conditions;

e)  negligence of the Defendant's agents, servants, workmen and/or employees; and

f)  negligence at law; and

g)  otherwise failing to exercise due and adequate care under the circumstances including, but not limited to, a lack of adequate manpower.

10.    As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff suffered occupational carpal tunnel syndrome.

11.    The Plaintiff was diagnosed with occupational carpal tunnel syndrome which required surgery.

12.    As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

13.    As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred

- 3 -

reasonable and necessary medical expenses, all of which may and probably will continue in the future.

14.    As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

15.    The Defendant has a duty to provide a reasonably safe place to work. It had a non-delegable duty to insure that the Plaintiff had adequate qualified assistance to perform the functions of his work without unnecessary risk of injury to himself. The Defendant has a duty to provide a sufficient number of employees to perform assigned work, and its failure to provide adequate assistance can be a breach of its duty to provide a safe place for the Plaintiff to work, and will entitle the Plaintiff to a recovery against the Defendant if any such failure was a cause, in whole or in part, of the injuries claimed by the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS, ($150,000.00).

HANNON & JOYCE

Dated:    3/19/04

BY: _____
THOMAS J. JOYCE, III, ESQUIRE
The Public Ledger Building - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated:

_____
MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

- 4 -

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joseph J. DiBenedetto
27 Western Avenue
Wakefield, MA 01880

(b) County of Residence of First Listed Plaintiff  Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
National Railroad Passenger Corporation
253 Summer Street
Boston, MA 02210

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c)  HANNON & JOYCE
The Public Ledger Bldg. - Ste. 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460
Attorney for Plaintiff

LAWSON & WEITZEN LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☒ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers Liability Act 45 U.S.C. §§51-60 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                           DOCKET NUMBER

DATE  3/19/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **Joseph J. DiBenedetoo vs. National Railroad Passenger Corporation**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   [X] III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   [ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A.  If yes, in which division do **all** of the non-governmental parties reside?
       Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Thomas J. Joyce, III**
ADDRESS **The Public Ledger Bldg. - Ste. 1000 150 S. Independence Mall W. Philadelphia 19106**
TELEPHONE NO. **(215) 446-4460**

(Coversheetlocal.wpd - 10/17/02)